Enrique GRIMALDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–03–163–CR.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 11, 2004.

Armando R. Villalobos, Villalobos Law Office, Brownsville, for appellant.

Gordon K. Lemaire, Asst. Dist. Atty., Yolanda De Leon, Dist. Atty., Brownsville, for state.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

The State twice indicted appellant Enrique Grimaldo for murder. A jury convicted him of the lesser offense of manslaughter, a third-degree felony at the time of commission of the crime.[1] The jury assessed his punishment at eight years confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a $5,000 fine. Grimaldo challenges the denial of his motion to dismiss the indictment on speedy trial grounds. The trial court has certified that this is not a plea-bargain case, and Grimaldo has the right to appeal. *See* TEX.R.APP. P. 25.2(a)(2). We affirm.

## I.  BACKGROUND

The State originally indicted Grimaldo in 1992. It later dismissed the case and re-indicted him on April 14, 1993. Grimaldo was released on bond for the second charge on May 20, 1993. Trial under the second indictment initially· was set for June 21, 1993, then reset to August 23, 1993. Grimaldo forfeited his bond on June 30, 1993 when he did not appear for an indigency hearing scheduled that day. A capias issued for his arrest. On May 9, 2002, the authorities re-arrested Grimaldo at a border crossing as he entered the United States from Mexico. He had been living in Mexico since 1998.

Trial began February 3, 2003. The jury was selected, sworn, and dismissed at 1:35 that afternoon. Grimaldo filed a "Motion to Dismiss under the Speedy Trial Clause of the Sixth Amendment" at 4:50 p.m., asking leave of court to file it. On February 4, 2003, the following proceedings took place outside the presence of the jury:

[Defense Counsel]:.... I have filed a motion for leave of Court to present a speedy trial issue to the Court. Based on those reasons, Your Honor, we ask the Court to grant a leave to present that motion, and then we would develop that motion throughout the course of the trial.

[Prosecutor]: From what I understand, Judge, he's been [sic] not preparing to argue it right now but wants to argue it at a later date. I will leave that up to the Court. The State is certainly prepared to argue that factually today if the Court wishes to entertain that motion right now.

[The Court]: Can you proceed now?

[Defense Counsel]: Your Honor, I can proceed now, but it would require the calling of witnesses on the factual basis for the speedy trial. And if the Court would like, I can go into the speedy trial motion issue.

[The Court]: Yes. I mean, I would rather take it up now if we can.

[Defense Counsel]: Okay. Your Honor—

[Second Defense Counsel]: Just for the record, are you going to grant the motion for leave so that we can—

[The Court]: Yes.

[Second Defense Counsel]:—argue?

[The Court]: Yes.

---

1.  Act of May 29, 1987, 70th Leg., R.S., ch. 307, § 1, 1987 Tex. Gen. Laws 1698 (eff. Sept. 1, 1987) (amended 1993) (current version at TEX. PEN.CODE ANN. § 19.04 (Vernon 2003)).

[Defense Counsel]: Thank you. Then—

[The Court]: You can have a seat, sir.

* * *

[The Court]: Very well. How long do you anticipate to take to argue your motion, counsel, because we've got a jury waiting?

[Defense Counsel]: Yes, Your Honor. The motion would be very brief. And the—just to present the outline of the motion to the Court, the factual basis and, et cetera, would be elicited during the testimony of the State's witnesses, because there's a four-step process, Your Honor.

Brief arguments of counsel followed. Neither the State nor the defense presented any evidence. The trial court ruled:

[The Court]: Very well. The Court will deny your motion, counsel.

The trial proceeded. The State introduced evidence during its case-in-chief that Grimaldo had "jumped bond" on the murder charge, including a docket sheet showing that the original case was dismissed and refiled.[2] In defense, Grimaldo introduced exhibits that included: (1) a booking report and other intake documents from the Cameron County Sheriff's Department showing Grimaldo's arrest on May 9, 2002; (2) inmate request forms showing Grimaldo's detention in Cameron County on June 8, July 10, and November 1, 2002, which indicated he was being detained on an immigration violation in addition to the murder charge; and (3) documentation of the Immigration and Naturalization Ser-

vice of the United States Department of Justice showing Grimaldo's deportation to Mexico in 1998.

Grimaldo testified in his own defense. He said he was in Florida when the murder allegedly occurred on his rental property near Mercedes, Texas. He insisted he returned shortly afterwards and lived there until his deportation in 1998. He also said he was never informed he had been re-indicted for the murder after the initial charges were dismissed.

The record shows that Grimaldo presented in his defense the evidence regarding his immigration status to show that he had not "jumped bond" but, rather, had been deported. He did not re-urge his speedy trial motion after presentation of the exhibits and his testimony. On appeal, however, Grimaldo cites to the exhibits and his testimony in arguing that his constitutional speedy trial rights were violated.[3]

## II. DISPOSITION

▬ An accused has a constitutional right to a speedy trial guaranteed under the Sixth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 227, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The factors we weigh and then balance to determine if a violation of the right to a speedy trial has occurred are: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of the right to a speedy trial; and (4) prejudice to the accused as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530–32, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker*, the United States

---

**2.** *See Foster v. State*, 779 S.W.2d 845, 859 (Tex.Crim.App.1989) (inference of guilt may be drawn from flight).

**3.** In his brief, Grimaldo also cites to factual recitations in an unsworn letter he sent to the trial court. The letter appears in the clerk's

record. It was not introduced at trial and is not before this Court. We will not accept as facts assertions in an appellate brief that are unsupported by the record. *Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex.Crim.App. 1981).

Supreme Court held that whether the accused asserted the right to a speedy trial is only one factor to be considered. *Id.* at 528, 92 S.Ct. 2182.

We note, however, a split of authority as to whether an accused waives a speedy trial claim by raising it for the first time on appeal. *See Wade v. State,* 83 S.W.3d 835, 838 (Tex.App.-Texarkana 2002, no pet.) (and cited cases). The few cases considering a speedy trial claim for the first time on appeal have done so because of *Barker's* language that failure to assert a speedy trial claim is only one factor to be considered. *Id.* (citing *Barker,* 407 U.S. at 528, 92 S.Ct. 2182); *see Harris v. State,* 827 S.W.2d 949, 957 (Tex.Crim.App.1992) (noting that appellant who did not invoke speedy trial right until day of trial did not waive right but "indicate[d] strongly that he did not really want a speedy trial"). We note that the United States Supreme Court in *Barker* was faced with an appellant who had delayed until trial assertion of the right to a speedy trial, not with one who asserted a speedy trial claim for the first time on appeal. *See Wade,* 83 S.W.3d at 838. *Barker* simply rejected the "demand-waiver" rule, which had held that an accused "forever" waived the right to a speedy trial by not demanding one. *State v. Munoz,* 991 S.W.2d 818, 825 (Tex.Crim. App.1999); *Wade,* 83 S.W.3d at 838 (citing *Barker,* 407 U.S. at 525, 92 S.Ct. 2182). There is no indication the *Barker* court intended to abrogate the long-standing rule requiring an accused to object at trial to preserve an issue on appeal. *Wade,* 83 S.W.3d at 838; *see* Tex.R.App. P. 33.1.

Accordingly, this Court has held that it is the accused's burden to develop a record that a speedy trial violation occurred and that it was asserted in the trial court. *See, e.g., Serna v. State,* 882 S.W.2d 885, 889–90 (Tex.App.-Corpus Christi 1994, no pet.); *Edwards v. State,* 867 S.W.2d 90, 95 (Tex.

App.-Corpus Christi 1993, no pet.) (citing *Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Crim.App.1981)). Mere assertions in an appellate brief are not enough. *Serna,* 882 S.W.2d at 890.

This case presents an issue similar to that posed by an appellant who asserts a speedy trial claim for the first time on appeal. Grimaldo filed his motion to dismiss on speedy trial grounds only after the jury had been sworn, albeit with leave of court. He presented no evidence at the hearing on his motion. He now argues that the State failed to show any reason for the delay in apprehending him. He construes evidence developed during trial for an altogether different purpose as support for his contention on appeal that the State did not diligently seek to arrest him after the capias issued. Grimaldo did not, however, re-urge his speedy trial motion to the trial court after presentation of that evidence during the culpability phase of the trial. As a result, we are confronted with an appellate record deficient in two respects: (1) once the trial court denied Grimaldo's motion to dismiss, the State had no opportunity to present rebuttal evidence relevant to the *Barker* factors; and (2) the trial court had no opportunity to reconsider its ruling in light of the evidence Grimaldo presented.

Had the trial court granted Grimaldo's motion to dismiss on this record, this Court's precedent would compel reversal. *See State v. De Leon,* 975 S.W.2d 722, 724 (Tex.App.-Corpus Christi 1998, no pet.) ("Accordingly, we conclude that without a meaningful hearing on lack of a 'speedy trial' as a ground for dismissal, the trial court erred to the extent that it dismissed on this ground."); *see also United States v. Rich,* 589 F.2d 1025, 1033–34 (10th Cir. 1978) (holding that trial court erred when, at sua sponte status hearing, it allowed speedy trial challenge to be raised sum-

**454**

marily on basis of length of delay alone and dismissed case without prior notice to State or opportunity to present evidence on *Barker* factors). As the court of criminal appeals noted in the context of a probation revocation:

> We decline to address the issue sua sponte and thereby also decline to establish precedent for considering unassigned *Barker v. Wingo* error in every case where there has been a delay of the duration shown in this case. If we were to consider this issue, which by nature of the applicable balancing test requires a full development of the facts, on our own motion, it would be necessary to abate the case for a full hearing on the matter. We could not render a considered judgment on the matter without a fully developed record, and this is particularly so where, as here, the parties never made it an issue, did not present evidence on the matter, and would have been utterly without notice, prior to judgment in this Court, that a binding judgment between the parties would be entered on the matter.

*Newcomb v. State,* 547 S.W.2d 37, 38 (Tex. Crim.App.1977).

■ Grimaldo got his trial before he demanded dismissal. Further, although he raised the speedy trial issue below, there is no meaningful evidentiary record from which we can apply, analyze, or balance the *Barker* factors. We decline to do so on this record. Finally, Grimaldo did not seek the trial court's reconsideration of its ruling on his motion to dismiss after presentation of evidence of his immigration status. We believe the better rule to be that an accused waives a speedy trial issue either: (1) by not raising the claim before trial begins;[4] or (2) by not presenting

evidence of the claim to the trial court; or (3) by not obtaining a ruling after presentation of evidence of the claim. *See* Tex. R.App. P. 33.1; *see also Wade,* 83 S.W.3d at 839; *Serna,* 882 S.W.2d at 890. We hold that Grimaldo waived his speedy trial complaint at trial.

### III. CONCLUSION

Accordingly, we overrule Grimaldo's sole issue. We affirm the judgment of the trial court.

---

4. We note that a trial begins when jeopardy attaches. *Thornton v. State,* 986 S.W.2d 615, 616 (Tex.Crim.App.1999). In a jury trial, jeopardy attaches when the jury is empaneled and sworn. *Hill v. State,* 90 S.W.3d 308, 313 (Tex.Crim.App.2002).