John L. NEWMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–08–00568–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 8, 2009.

Rehearing En Banc Overruled
Dec. 10, 2009.

Douglas M. Durham, Houston, for Appellant.

Alan Curry, Houston, for Appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

**SUBSTITUTE OPINION**

CHARLES SEYMORE, Justice.

Appellant John L. Newman's motion for rehearing is granted. We withdraw our Memorandum Opinion issued on April 23, 2009, and issue this Substitute Opinion.

Pursuant to a plea bargain, appellant pleaded no contest to the felony offense of intoxication assault. The trial court found him guilty and, consistent with the plea bargain, assessed punishment of two years' confinement. The trial court also certified that appellant has the right to pursue this appeal.

In two issues, appellant contends the trial court abused its discretion by failing to dismiss the indictment for denial of appellant's rights to a speedy trial under the state and federal constitutions. For reasons outlined below, we conclude the state's approximately nine-year delay in bringing this case to trial violated appellant's constitutional rights to a speedy trial. We reverse the judgment of the trial court and order the indictment dismissed for violation of appellant's constitutional rights to a speedy trial.

### I. BACKGROUND

On April 22, 1999, appellant drove his vehicle into one occupied by Helen Savre, causing her serious bodily injury. On May 20, 1999, in cause number 811136, a Harris County grand jury indicted appellant for the April 22 intoxication assault of Savre. During July and August of 1999, appellant's trial counsel twice agreed to disposition settings. Moreover, appellant entered into an agreement to set the case for jury trial on November 5, 1999. However, on October 29, 1999, the State filed a motion for a continuance on the ground that Houston Police Officer Steve Salley, a material witness in the case, was on assignment with United Nations forces in Bosnia and would not be permitted to return until late June 2000. On November 12, 1999, the State filed a motion to dismiss, alleging a "missing witness." The trial court granted the motion and dismissed the case.

On August 3, 2000, in cause number 851820, the State filed a new complaint alleging the same offense. On August 4, 2000, a grand jury authorized a second indictment. A Harris County sheriff's deputy acknowledged receipt of an instanter arrest warrant on **August 5, 2000;** however, appellant was not arrested until **April 5, 2008.** Appellant's re-filed case was set for trial on June 5, 2008. Appellant's counsel agreed to a second trial setting for June 26, 2008. Two handwritten notes appear on the agreed-setting form. Defense counsel noted, "[Defendant] requests a speedy trial & does not waive right!"

On June 9, 2008, appellant filed a "Motion to Dismiss for Denial of the Accused's Constitutional Right to a Speedy Trial Pursuant to the State and Federal Constitutions." In his prayer for relief, however, appellant requested a speedy trial. Although the motion included an affidavit by which appellant could have sworn to the truth of the averments in his motion, the affidavit was not signed or executed before a notary. On June 26, 2008, the trial court denied the speedy-trial motion and accepted appellant's plea.

## II. ANALYSIS

In issues one and two, respectively, appellant argues the trial court "abused its discretion by failing to grant appellant's motion to dismiss for denial of his constitutional right to a speedy trial" under Article I, section 10 of the Texas Constitution and the Sixth Amendment to the United States Constitution.

### A. *Standard of Review*

█ In determining whether a defendant's federal and state constitutional rights to a speedy trial have been violated, we apply a balancing test in which we consider the following four factors: (1) length of the delay; (2) reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (creating balancing test for reviewing speedy-trial claims under federal constitution). When considering the merits of a federal constitutional speedy trial claim, we employ a bifurcated standard of review: "an abuse of discretion standard for the factual components, and a *de novo* standard for the legal components." *Zamorano v. State,* 84 S.W.3d 643, 648 (Tex.Crim.App.2002). Moreover, when a defendant loses a speedy-trial motion, we presume the trial court resolved any disputed fact issues in the State's favor. *Id.* Finally, we conduct our review of factual determinations with due deference to the trial court's findings; however, once the facts have been established, we undertake a *de novo* review, and employ the *Barker v. Wingo* balancing test.[1]

### B. *Status of the Record*

The only indication the trial court held a hearing on appellant's speedy-trial motion is the following statement on the trial court's June 26, 2008 order denying the motion: "On this day came on to be heard the Accused [sic] forgoing [sic] Motion and after a hearing, it is the opinion of this Court that relief should be: ____ GRANTED _√_ DENIED." There is no reporter's record of anything that transpired at that June 26 hearing. Moreover, the State did not file a reply to appellant's speedy-trial motion.

---

1. Appellant argues that the *Barker* balancing test as a whole is a purely legal question. On the contrary, appellate review of *Barker* speedy trial factors necessarily involves fact determinations and legal conclusions. *See Zamorano,* 84 S.W.3d at 648. Moreover, we must defer to the trial court's implied findings of fact **that the record supports.** *Id.*

The evidence submitted in support of this appeal consists of documents attached to appellant's unsworn speedy-trial motion. These documents were either certified or file-stamped copies from the court's file or the District Clerk's office. The chronology below is gleaned from those documents. The record is devoid of any testimony regarding the circumstances surrounding appellant's second indictment and subsequent arrest, nine years after the first indictment. However, there is no dispute that appellant asserted his right to a speedy trial while this case was pending in the trial court. Accordingly, we are not addressing this issue for the first time on appeal. *Compare Newcomb v. State*, 547 S.W.2d 37, 37–38 (Tex.Crim.App.1977) ("The record reflects no such motion filed by appellant."); *Grimaldo v. State*, 130 S.W.3d 450, 453–54 (Tex.App.-Corpus Christi 2004, no pet.) (determining "whether an accused waives a speedy trial claim by raising it for the first time on appeal"); *State v. De Leon*, 975 S.W.2d 722, 724 (Tex.App.-Corpus Christi 1998, no pet.) ("The record in the present case, however, reveals that the issue of defendant's speedy trial right was never raised" below). Appellant's speedy trial motion was filed and subsequently denied by the trial court. *See Newcomb*, 547 S.W.2d at 38. Appellant attached copies of court documents to his speedy-trial motion which substantiate the chronology outlined below. Moreover, the record in this case reveals little, if any, factual dispute regarding the first and third *Barker* factors: length of the delay and assertion of the right to a speedy trial. Relative to the second *Barker* factor, the record is silent regarding the reason for the eight-year delay between the second indictment and arrest. Notwithstanding averments in ap-

pellant's unsworn motion to dismiss, the record is also silent on the *Barker* fourth factor: whether appellant's case was actually prejudiced by the state's delay.

The record before this court is sparse,[2] and we acknowledge that a speedy-trial issue may be waived by (1) not raising the claim before trial begins; (2) not presenting evidence of the claim to the trial court; or (3) not obtaining a ruling after presentation of the evidence. *See* Tex.R.App. P. 33.1; *see also Wade v. State*, 83 S.W.3d 835, 838 (Tex.App.-Texarkana 2002, no pet.). However, appellant fulfilled all three requirements. Accordingly, we conclude there is sufficient evidence to perform the balancing test prescribed in *Barker* despite appellant's failure to present testimonial evidence supporting this appeal. In addition, we acknowledge the high probability of prejudice to appellant's defenses resulting from an extremely excessive nine-year delay between the original indictment and final trial date reflected in this record. The presumption of prejudice from excessive delay grows and intensifies over time. *See Doggett v. United States*, 505 U.S. 647, 655, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *see also Orand v. State*, 254 S.W.3d 560, 569 (Tex.App.-Fort Worth 2008, pet. ref'd).

### C. *Barker v. Wingo Analysis*

No single *Barker* factor is necessary or sufficient to a finding that appellant was deprived of the right to a speedy trial. *Zamorano*, 84 S.W.3d at 648. Instead, the factors are interrelated, and a court must consider them together along with any other relevant circumstances. *Id.* Once the defendant has established a delay sufficient to trigger the *Barker* analysis, the State has the burden of justifying the length of delay, and the defendant

---

2. We limit the applicability of our holding to the unique facts of this case and caution practitioners regarding the importance of develop-

ing a record. *See Oldham v. State*, 5 S.W.3d 840, 846 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).

generally has the burden of proving timely assertion of the right and showing prejudice. *See Cantu*, 253 S.W.3d 273, 280 (Tex.Crim.App.2008).[3] The defendant's burden of proof on the latter two factors varies inversely with the State's degree of culpability for the delay. *Id.*

■ *The length of the delay.* The first factor, length of the delay, is a double inquiry. *Doggett*, 505 U.S. at 651, 112 S.Ct. 2686. To trigger the analysis under *Barker*, the accused must allege that the interval between accusation and trial has crossed a threshold dividing ordinary from presumptively prejudicial delay. *Id.* If the accused makes this first showing, the court must then consider how far the delay stretches beyond the bare minimum that triggers the analysis. *Id.*

The court documents in the present case and those from cause number 811136, which were attached to appellant's motion to dismiss, establish (without factual dispute) the following time line:

| | |
|---|---|
| Apr. 22, 1999 | offense |
| May 20, 1999 | indictment in cause number 811136 |
| Oct. 29, 1999 | State's motion for continuance because arresting officer out of the country until June, 2000 |
| Nov. 12, 1999 | State's motion to dismiss on ground of missing witness |
| Nov. 12, 1999 | dismissal of cause number 811136 |
| ---- | |
| Aug. 3, 2000 | complaint and warrant in cause number 851820 |
| Aug. 4, 2000 | indictment in cause number 851820 |
| Apr. 5, 2008 | appellant's arrest |
| Jun. 5, 2008 | counsel's handwritten note on agreed resetting form: "[Defendant] requests a speedy trial & does not waive right!" |
| Jun. 9, 2008 | appellant's speedy trial motion |
| Jun. 26, 2008 | denial of the speedy trial motion and entry of guilty plea |

Thus, a delay of over nine years elapsed between the first accusation and appellant's assertion of his speedy-trial right and entry of his guilty plea, and a delay of almost eight years between the second accusation and appellant's assertion of his speedy trial right and entry of his guilty plea. This second period of almost eight years is "presumptively prejudicial," thus triggering analysis under the *Barker* factors. *See id.* at 652 & n. 1, 112 S.Ct. 2686 (holding "extraordinary 8½ year lag" between accused's indictment and arrest clearly sufficient to trigger speedy trial inquiry and noting lower courts have generally held delays approaching one year presumptively prejudicial). The length of delay is not factually disputed, and stretches far beyond the bare minimum required to trigger the analysis. Accordingly, the first factor weighs heavily in favor of finding a speedy-trial violation.

*Reason for the delay.* The State has the burden to justify the lengthy delay. *See Cantu*, 253 S.W.3d at 280. The State presents nothing in this record to explain the almost eight-year delay between the second indictment and arrest. Appellant did not present any evidence pertaining to the State's reason, if any, for the delay. Absent disputed facts or an assigned reason for the delay, we may presume neither a deliberate attempt by the State to prejudice the defense nor a valid reason for delaying the trial. *Dragoo v. State*, 96

**3.** Some intermediate appellate courts have stated that, after the accused meets his burden of production of showing sufficient delay to require application of the *Barker* test, the burden shifts to the State to justify the delay, and *then, if the State provides a reason for the delay, the burden shifts back* to the accused to show diligent assertion of the right to a speedy trial and prejudice resulting from the delay. *See, e.g., Moreno v. State*, 987 S.W.2d 195, 198 (Tex.App.-Corpus Christi 1999, pet.

ref'd). Under such an analysis, the State's failure to present evidence in response to appellant's having documented a delay of almost eight years from the second indictment to his arrest would, at first glance, appear to be fatal to the State's case. However, we note the analysis set forth in *Dragoo v. State*, in which the court considered all of the *Barker* factors despite the State's failure to provide a reason for the delay. 96 S.W.3d 308, 314–16 (Tex.Crim.App.2003).

S.W.3d 308, 314 (Tex.Crim.App.2003). Consequently, this factor weighs in favor of finding a speedy-trial violation, but does not weigh heavily in favor of such a finding. *Id.*

 *Assertion of the right to a speedy trial.* The defendant has no duty to bring himself to trial; that is the State's duty. *Cantu,* 253 S.W.3d at 282. Nevertheless, the defendant does have the responsibility to assert his right to a speedy trial. *Id.* Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one. *Id.* at 283. The failure to make such request supports an inference the defendant does not really want a trial; he wants only a dismissal. *Id.* We would be reluctant, barring extraordinary circumstances, to rule that a defendant was denied his constitutional right on a record that strongly indicates the defendant did not want a speedy trial. *Barker,* 407 U.S. at 536, 92 S.Ct. 2182. Moreover, a defendant who acquiesces or contributes to the delay has not been deprived of his due process right to a speedy trial. *See id.* at 534, 92 S.Ct. 2182; *Cantu,* 253 S.W.3d at 283; *Dragoo,* 96 S.W.3d at 315.

Here, relative to the first indictment, the record reflects appellant's trial counsel twice agreed to disposition settings, and entered into an agreement to set the case for jury trial on November 5, 1999. The second indictment was issued on August 4, 2000, and the record is silent on whether appellant was aware of pending charges until he was arrested on April 5, 2008. Appellant's trial counsel requested a speedy trial, relative to the second indictment, on June 9, 2008, when he made a handwritten note on the trial reset form. Appellant argues that this request was a timely assertion of his right to a speedy trial, but does not address open questions about whether appellant might have procured or acquiesced in the delay.

The question of acquiescence is essential to determining whether the third factor weighs in favor of a violation of appellant's constitutional right to a speedy trial. *See Doggett,* 505 U.S. at 653, 112 S.Ct. 2686; *Barker,* 407 U.S. at 534, 92 S.Ct. 2182; *Cantu,* 253 S.W.3d at 282–83; *Dragoo,* 96 S.W.3d at 315. For example, if appellant knew of his indictment, the third factor would be weighed heavily against him; however, if appellant was not aware of the indictment, he could not "be taxed for invoking his speedy trial right only after his arrest." *Doggett,* 505 U.S. at 653, 112 S.Ct. 2686. As previously noted, we defer to the trial court's implicit findings against appellant. However, our deference must be supported by evidence in the record. *Zamorano,* 84 S.W.3d at 648. Other than documentation reflecting the date a warrant was prepared and the date of appellant's second arrest, there is no evidence submitted by appellant or the state indicating appellant either procured or acquiesced in the State's delay.

In setting forth the *Barker* analysis, the Supreme Court stated very clearly that "courts should indulge every reasonable presumption against waiver, and they should not presume acquiescence in the loss of fundamental rights." 407 U.S. at 525, 92 S.Ct. 2182 (citation omitted). Presuming waiver from a silent record is impermissible. *Id.* Therefore, we cannot presume appellant acquiesced in the delay. Accordingly, with proper deference to the trial court's implicit findings against the State, and in consideration of our duty to indulge in every reasonable presumption against record, the third factor weighs slightly in favor of finding a violation.

 *Prejudice from the delay.* We analyze prejudice to an accused in light of the interests the speedy trial right protects:

(1) preventing oppressive pretrial incarceration, (2) minimizing the accused's anxiety and concern, and (3) limiting the possibility that the accused's defense will be impaired. *Cantu,* 253 S.W.3d at 285. Of these, the third is the most serious because a defendant's inability to prepare his case adequately "skews the fairness of the entire system." *Dragoo,* 96 S.W.3d at 315.

■ Affirmative evidence of particularized prejudice is not essential to every speedy trial claim because "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett,* 505 U.S. at 655–56, 112 S.Ct. 2686; *see also Orand v. State,* 254 S.W.3d 560, 569 (Tex.App.-Fort Worth 2008, pet. ref'd). Further, the presumption of prejudice grows and intensifies with the length of the delay. *Doggett,* 505 U.S. at 655–56, 112 S.Ct. 2686. In both *Doggett* and *Orand,* the courts held that, following delays of eight-and-one-half years and eleven years, eight months, respectively, the defendants were not required to prove actual prejudice. *Doggett,* 505 U.S. at 654–56, 112 S.Ct. 2686; *Orand,* 254 S.W.3d at 570–71. In both cases however, the defendants presented affirmative evidence they were unaware of the pending indictments. *See Doggett,* 505 U.S. at 653–54, 112 S.Ct. 2686; *Orand,* 254 S.W.3d at 568. Thus, as the *Orand* court explained, the delay in both cases was not extenuated by acquiescence. *Orand,* 254 S.W.3d at 571. Although appellant presented no affirmative evidence that he was unaware of his indictment, we cannot presume that he acquiesced in the State's delay. *Barker,* 407 U.S. at 525, 92 S.Ct. 2182. Therefore, we cannot conclude that the presumption of prejudice resulting from the almost eight-year delay was extenuated by acquiescence to the delay. *See Barker,* 407 U.S. at 525, 92 S.Ct. 2182; *Dragoo,* 96 S.W.3d at 315.

"When the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief." *Doggett,* 505 U.S. at 658, 112 S.Ct. 2686.

Accordingly, we sustain appellant's two issues. We reverse the judgment of the trial court and order the indictment dismissed for violation of appellant's constitutional rights to a speedy trial.