

NUMBER 13-13-00198-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MARLON VAN HOOK,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the County Court at Law No. 4
of Travis County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Chief Justice Valdez**

Following a bench trial, appellant Marlon Van Hook was convicted of assault family violence with a previous conviction, a third degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West, Westlaw through Ch. 46 2015 R.S.). By three issues, appellant contends: (1) the trial court erred in denying his oral motion to dismiss on speedy-trial

grounds; (2) the trial court erred in not granting his motion for a new trial alleging ineffective assistance of counsel; and (3) he was deprived of his constitutional and statutory right to a trial by jury.  We affirm.

## I.   BACKGROUND

In April 2009, appellant's ex-girlfriend ("complainant") went to appellant's apartment in Austin, Texas to collect some of her personal belongings.  An argument ensued and appellant spit in the complainant's face.  As the complainant picked up a piece of clothing to wipe the spit from her face, appellant punched her in her right eye, causing swelling and bruising.  The complainant testified to these facts at trial and identified appellant in the courtroom as the person who committed the assault.

After the State rested, Appellant testified in his defense.  Appellant testified that at the time of the assault, he was physically in Missouri accompanied by an alibi witness and therefore could not have been the person who assaulted the complainant.  On cross-examination, appellant testified as follows:

> Q.   So your testimony is that [the complainant is] lying?
>
> A.   Yes, sir.
>
> Q.   And you have a convenient alibi?
>
> A.   Yes, sir.
>
> Q.   But no witness to corroborate that; right?
>
> A.   Well I wanted to but we didn't prepare for this day.

After both sides rested, appellant made an oral motion to dismiss on the basis that the bench trial had been held in violation of his constitutional right to a speedy trial.  The

2

trial court denied appellant's oral motion, found him guilty of the charged offense, and assessed punishment at four years' imprisonment.

Thereafter, appellant filed a motion for new trial alleging ineffective assistance of counsel. In his motion, appellant asserted that "he was not afforded a meaningful opportunity to consult with trial counsel and discuss his alternatives or to develop a defense." Only appellant and his trial counsel testified at the hearing on appellant's motion for new trial. Appellant testified that he visited with trial counsel only two times prior to trial—one time on the day he was appointed on the case, and another time on the day of trial—and that he did not have an opportunity to give trial counsel the name of his alibi witness because trial counsel never came back to visit him while he awaited trial in jail. At the new-trial hearing, trial counsel admitted that he visited appellant two times prior to trial but testified that he had an adequate time to prepare a defense because the case was not "complicated." By the time of the new-trial hearing, appellant had not produced the alleged alibi witness, and he offered no explanation for the witness' absence; nor did he make an offer of proof that the witness was available at the time of trial or would have offered credible exculpatory evidence. After hearing all the evidence, the trial court denied appellant's motion for new trial, concluding, in relevant part, that there was no showing that "but for [trial counsel's] preparation this trial would have changed." This appeal followed.

## II. RIGHT TO SPEEDY TRIAL CLAIM

By his first issue, appellant contends that the trial court erred in denying his oral motion to dismiss on speedy-trial grounds, which he raised after the start of trial. An accused has a constitutional right to a speedy trial guaranteed under the Sixth

3

Amendment. See *Klopfer v. North Carolina*, 386 U.S. 213, 227 (1967). To determine if a violation of the right to a speedy trial has occurred, reviewing courts weigh and then balance the following four factors—known as the *Baker* factors: (1) the length of the trial delay; (2) the reason for the trial delay; (3) the accused's assertion of the right to a speedy trial; and (4) any prejudice to the accused as a result of the delay. *See Barker v. Wingo*, 407 U.S. 514, 530–32 (1972).

Recently, in *Henson v. State*, the court of criminal appeals held that an appellant must properly raise a speedy-trial claim in the trial court in order to preserve the issue for appellate review. *See* 407 S.W.3d 764 (Tex. Crim. App. 2013). The Court reasoned that "[i]f the appellant brings his complaint to the trial court first, the trial court can grant the appropriate remedy before the expense and other burdens of a trial (and an appeal) have been incurred." *Id*. at 769. The Court further reasoned that this preservation requirement is necessary because it

> allows the trial court to develop the record sufficiently for a *Barker* analysis. At least two of the *Barker* factors (the reason for delay and the prejudice to the accused) are fact-specific inquiries and may not be readily apparent from the trial record. A requirement that the appellant assert his complaint at the trial level enables the court to hold a hearing and develop this record so that the appellate courts may more accurately assess the claim.

*Id*. The *Henson* court cited *Grimaldo v. State*, 130 S.W.3d 450 (Tex. App.—Corpus Christi 2004, no pet.) as further support for its holding that speedy-trial claims must first be properly presented to the trial court for decision. *Id*. at 769 n.22 (citing *Grimaldo*). In *Grimaldo*, we held that an appellant waives a speedy trial issue either: (1) by not raising the claim before trial begins; (2) by not presenting evidence of the claim to the trial court; or (3) by not obtaining a ruling after presentation of evidence of the claim. *Grimaldo*, 130 S.W.3d at 454.

4

Here, although appellant raised his oral motion to dismiss on speedy-trial grounds in the trial court, he did not raise the issue until well after trial had begun;[1] and, when appellant did raise the issue at trial, he did not request a hearing or present any evidence on the matter before the trial court denied his oral motion.[2] Under these circumstances, as in *Grimaldo* and *Henson*, we conclude that appellant has failed to develop a sufficient evidentiary record from which we could accurately apply, analyze, and balance the *Barker* factors to assess his speedy-trial claim. *See Henson*, 407 S.W.3d at 769; *Grimaldo*, 130 S.W.3d at 454; *see also Guajardo v. State*, 109 S.W.3d 456, 462 (Tex. Crim. App. 2003) (noting that it is "the appealing party's burden to ensure that the record on appeal is sufficient to resolve the issue he presents"). Consequently, appellant's speedy-trial claim has not been properly preserved for our review, and we overrule his first issue on that basis. *See* TEX. R. APP. P. 33.1.

---

[1] Appellant claims that he raised an issue as to his right to a speedy trial at a pretrial setting, during which his trial counsel made the following statement in open court:

> I want to put on the record that this gentleman has been in jail for 405 days, more than a year, so obviously—and the case was set for trial, when a defense attorney sets a case for trial with a prosecutor that means it's going to trial, and I understand the prosecutor doesn't want to spend money, but I think the D.A's office has plenty of funds from what I've seen when they have to a handle a case.

However, the context of this statement reveals that it was made in direct response to the State's previous comment concerning the logistics of securing the out-of-state complainant's testimony at trial in the event that appellant did not accept the State's plea offer. At no point during this pretrial hearing did appellant request that the trial court dismiss the case on speedy-trial grounds; nor did he request an evidentiary hearing on the matter or obtain a ruling from the trial court. *See Grimaldo v. State*, 130 S.W.3d 450 (Tex. App.—Corpus Christi 2004, no pet.). Considering the context in which appellant's trial counsel made this statement and the complete absence of any evidentiary hearing or pretrial ruling by the trial court, we cannot agree with appellant that he properly presented his speedy-trial issue before trial. *Id.*

[2] The record reflects that after the trial court denied appellant's oral motion to dismiss on speedy-trial grounds, his trial counsel sought to introduce an exhibit purporting to show the date on which the Travis County Sheriff's Office arrested appellant and booked him into jail. However, appellant did not obtain a ruling from the trial court after introducing this exhibit and therefore did not preserve the issue for our review. *Grimaldo*, 130 S.W.3d at 454 (concluding that appellant did not preserve his speedy-trial claim where he presented evidence on the claim after the trial court denied his motion and then failed to seek reconsideration of the trial court's previous ruling).

5

### III. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

By his second issue, appellant contends that the trial court erred in not granting his motion for a new trial alleging ineffective assistance of counsel.

#### A. STANDARDS OF REVIEW

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). When, as here, the motion for new trial alleges ineffective assistance of counsel, "we must determine whether the trial court's determination of the ineffective assistance claim and denial of the motion for new trial were clearly wrong and outside the zone of reasonable disagreement." *Freeman v. State*, 167 S.W.3d 114, 117 (Tex. App.—Waco 2005, no pet.).

*Strickland v. Washington* sets forth a two-prong test for reviewing a claim of ineffective assistance of counsel. 466 U.S. 668, 687 (1984). Under *Strickland*, we must determine whether: (1) counsel's performance was deficient, and if so, (2) whether the appellant was prejudiced by counsel's deficient performance. *Id.*

Concerning *Strickland's* first prong—counsel's performance—appellant must prove that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 690–94. Counsel's representation falls below an objective standard of reasonableness when counsel fails to conduct an adequate investigation into the facts of the case. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (observing that "counsel has a duty to make reasonable investigations").

Concerning *Strickland's* second prong—prejudice—appellant must prove that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 692. "Failure to

make the required showing of either deficient performance [prong one] or sufficient prejudice [prong two] defeats the ineffectiveness claim." *Dewberry v. State*, 4 S.W.3d 735, 757–58 (Tex. Crim. App. 1999).

## B. DISCUSSION

Concerning *Strickland's* first prong, appellant alleges that his trial counsel failed to adequately investigate the facts of the case, as evidenced by the fact that he consulted with appellant only two times prior to trial and never contacted his alleged alibi witness. Concerning *Strickland's* second prong, appellant generally alleges that his counsel's "inadequate pretrial investigation created 'ripple effects throughout the trial' that are difficult to accurately gauge." We need not determine whether the alleged brevity of counsel's client consultation and pretrial investigation amounted to deficient performance under *Strickland's* first prong because, as the trial court expressly found in this case, appellant failed to carry his burden of proving prejudice under *Strickland's* second prong. *Id.*

First, "mere brevity of [client] consultation" does not by itself establish a claim of ineffective assistance of counsel, *see Ex parte Duffy*, 607 S.W.2d 507, 518 (Tex. Crim. App. 1980), and appellant has failed to explain how more than two visits with his attorney would have yielded a different result at trial. Second, to the extent that trial counsel could have discovered appellant's alleged alibi witness through additional consultation and investigation, appellant presented no evidence at the hearing on his motion for new trial to establish that this alibi witness—who did not appear or testify at the new-trial hearing— would have been available to testify at the time of trial or would have otherwise provided credible exculpatory information. *See Melancon v. State*, 66 S.W.3d 375, 381 (Tex.

7

App.—Houston [14th Dist.] 2001, pet. ref'd) (holding that appellant failed to carry his burden of demonstrating prejudice where the record contained no evidence of what testimony the alleged exculpatory witnesses would have provided had they testified); *Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (observing that a "claim for ineffective assistance based on trial counsel's failure to interview a witness cannot succeed absent a showing of what the interview would have revealed that reasonably could have changed the result of the case"); *cf. Butler v. State*, 716 S.W.2d 48, 56 (Tex. Crim. App. 1986) (holding that defendant carried his burden of proving prejudice where alibi witnesses actually testified at the motion for new trial hearing, setting forth exculpatory evidence they could have offered had counsel called them to testify); *In re I.R.*, 124 S.W.3d 294, 300 (Tex. App.—El Paso 2003, no pet.) (citing *Butler* and finding *Strickland's* prejudice prong met where the alibi witness' testimony at the new-trial hearing established that he was available and that his testimony would have been beneficial). It was appellant's burden to make this showing. *See Melancon*, 66 S.W.3d at 381; *Stokes*, 298 S.W.3d at 432; *Butler*, 716 S.W.2d at 56; *In re I.R.*, 124 S.W.3d at 300.

Without evidence that trial counsel's allegedly inadequate investigation prejudiced appellant's case, we cannot conclude that the trial court abused its discretion in rejecting appellant's ineffective assistance claim. *See Freeman*, 167 S.W.3d at 117. We therefore overrule appellant's second issue.

## IV. WAIVER OF RIGHT TO JURY TRIAL

By his third issue, appellant contends that he was deprived of his constitutional and statutory right to a trial by jury because the record contains no evidence that he

8

expressly waived his right to a jury—either in open court or in writing—or that he otherwise understood his right to a jury before his bench trial began.[3] Upon appellant's request, we abated this appeal and remanded the case to the trial court with instruction to hold a hearing to determine whether appellant waived his right to a jury in accordance with the law. After holding a hearing on the matter, the trial court made the following relevant findings based on the existing record:

10. The clerk's record does not contain the written jury waiver required by [Texas code of criminal procedure article 1.13(a)].[4]

11. A written waiver is not constitutionally required.

12. The reporter's record in this cause likewise does not contain an explicit Jury waiver.

13. The judgment of conviction, however, recites that the appellant waived trial by jury.

14. This recitation is binding in the absence of direct proof of its falsity.
. . .

22. [T]he Court finds that the appellant knew and understood his right to trial by jury, and that he knowingly and voluntarily waived it.

(citations omitted). Where, as here, there is no express jury waiver in the record but the judgment recites that appellant waived a trial by jury, there is a rebuttable presumption that appellant understood and properly waived his right to a jury unless appellant presents direct proof that the recitation in the judgment is false. *See Breazeale v. State*, 683 S.W.2d 446, 451 (Tex. Crim. App. 1984). In this case, appellant presented no evidence

---

[3] *See* U.S. CONST. AMEND. VI ("In all criminal prosecutions, the accused shall enjoy the right to a [trial] by an impartial jury"); TEX. CONST. ART. I, § 10 (same); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.12 (West, Westlaw through Ch. 46 2015 R.S.) (providing that the "right of trial by jury shall remain inviolate").

[4] Texas code of criminal procedure article 1.13(a) states that the defendant's waiver of his right to a jury trial must be made in person, in writing, in open court with the consent and approval of the court and the attorney representing the State. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West, Westlaw through Ch. 46 2015 R.S.).

at the abatement hearing on this issue and instead relied solely on the argument of his counsel based on the existing record. Additionally, the trial court made no finding at the abatement hearing that the recitation in the judgment is false. Nevertheless, appellant makes two arguments on appeal that the recitation in the judgment is false.

First, appellant argues that the recitation is false because "no written [jury] waiver is on file [.]" That may be true. However, the court of criminal appeals rejected this argument in *Breazeale* when it held that the absence of a written jury waiver in the record "is insufficient to overcome the presumption that [a contrary] recital in a formal judgment . . . is true [.]" *Id.* at 450.

Second, appellant argues that the recitation is false because "the proceedings recorded in open court do not show that an express [jury] waiver was ever made." That may also be true. However, it is not direct proof that the recitation concerning jury waiver is actually false. *See id.*; *see also Hill v. State*, No. 03-04-00551-CR, 2006 WL 952383, at *2 (Tex. App.—Austin Apr. 13, 2006, no pet.) (mem. op., not designated for publication) (holding that judgment recital is not directly proven false even where the reporter's record is silent on the issue of jury waiver); *Ratcliff v. State*, No. 05-02-01124-CR, 2003 WL 21512631, at *1 (Tex. App.—Dallas July 3, 2003, pet. ref'd) (mem. op., not designated for publication) (holding that "although appellant contends that he was 'not asked' and 'did not indicate any approval to this waiver,' appellant has not presented any evidence asserting [that] the recitation concerning jury waiver is actually false."). In any event, our review of the reporter's record indicates that, although appellant never used the words "jury" and "waive" in the same sentence in open court, he did expressly request a "bench trial" through counsel in open court when the trial court asked him to decide whether he

10

wanted a bench trial or a jury trial,[5] and his trial counsel testified at the new-trial hearing that he informs all of his criminal clients about the right to a jury trial—appellant being no exception.

We conclude that appellant failed to carry his burden of presenting direct proof that the recital in the judgment that appellant "waived the right of trial by jury" is false. Being bound by that statement, *see Breazeale*, 683 S.W.2d at 451, we observe that the use of the term "waive" in the judgment presumes knowledge of the right to a jury because to "waive" a right, one must do it knowingly—with knowledge of the relevant facts. *See Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002) (citing BLACK'S LAW DICTIONARY 1276 (7th ed. abridged 2000)). On this record, we therefore hold that appellant knew and understood his right to a trial by jury, and that he knowingly waived it. See *id.*; *Jackson v. State*, 76 S.W.3d 798, 803 (Tex. App.—Corpus Christi 2002, no pet.). We overrule appellant's third issue.

## V.    CONCLUSION

We affirm the judgment of the trial court.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of August, 2015.

---

[5] At the January 23, 2013 pretrial setting, trial counsel stated: "Judge, can we—we're willing to do what we asked for which is a bench trial [.]"

11