# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00473-CR

**Scott LaBranche, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-06-302437, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Scott LaBranche guilty of two counts of aggravated sexual assault of a child and assessed sentences of sixty-six years in prison to run concurrently. Appellant asserts that he was denied a speedy trial, that there was no evidence supporting venue in Travis County, that the trial court erred by failing to grant a mistrial based on the prosecutor's allegedly improper comments regarding appellant's failure to testify, and that the trial court erred in allowing the State to strike at him over the shoulders of counsel. We will affirm the judgment.

## BACKGROUND

Appellant was incarcerated in an unrelated sexual-assault case from October 5, 2000, to October 6, 2011. On July 25, 2006, appellant's then-teenaged daughter gave a statement to an Austin Police Department investigator in which she accused appellant of sexually assaulting her over the course of several years, from 1998 when she was five or six years old until he was

incarcerated for his other offense in 2000.[1] An indictment was filed on December 4, 2006, and an arrest warrant was issued, but appellant was not arrested on the instant charge until he was released from prison in 2011.

An arrest warrant for appellant was executed on October 17, 2011, and he was brought to jail in Travis County to await trial. Appellant was appointed an attorney on October 24, 2011, and he filed a first supplemental motion for speedy trial on March 23, 2012, which was heard that same day. The trial court never expressly ruled on the motion. On June 20, 2012, appellant filed a motion for continuance.

Jury selection and the trial on guilt/innocence occurred on June 25-26, 2012, and the punishment phase occurred on June 26 and 28, 2012. Although appellant's daughter, who was twenty years old at the time of trial, testified in detail about appellant's repeated assaults, we need not recount those details because appellant challenges the sufficiency of the evidence only regarding venue, and his other issues on appeal concern his right to a speedy trial and the propriety of the State's comments during jury arguments.

## DISCUSSION

**Appellant has not shown he was deprived of his right to a speedy trial.**

The constitutional right to speedy trial protects defendants from oppressive pretrial incarceration, mitigates the anxiety and concern from public accusations, and ensures that the defendant can mount a defense. *See* U.S. Const. amend. VI; *Henson v. State*, 407 S.W.3d 764, 766 (Tex. Crim. App. 2013). There is no fixed period in which a trial must be held, however, and the

---

[1] The jury only heard evidence that appellant stopped seeing his daughter. They were not told that he was incarcerated for sexual assault of a different child.

right is unusual in that its "deprivation" can sometimes work to a defendant's advantage if, for example, prosecution witnesses become unavailable or forget important facts. *Henson*, 407 S.W.3d at 766-67. The right to a speedy trial attaches when a person "becomes an accused"—i.e., is arrested or charged. *Id.* at 767. We analyze speedy-trial claims on an ad hoc basis by applying a fact-specific balancing test. *Id.* We consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and any prejudice inflicted by the delay. *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972)). We review fact-intensive elements of this test for an abuse of discretion, and review legal determinations de novo. *Cantu v. State*, 253 S.W.3d 273, 281-82 (Tex. Crim. App. 2008) (holding that a four-month delay is not a deprivation, but a seventeen-month delay is presumptively prejudicial).

The five-plus-year delay between appellant's indictment and trial was lengthy and largely unexplained at the hearing on the motion for speedy trial. Appellant was the only witness at the hearing on his motion for speedy trial. An arrest warrant for appellant was issued and an indictment of appellant was handed down in 2006 while he was incarcerated, as he remained until 2011. Travis County law enforcement officers interviewed appellant in prison in 2006 (but did not arrest him), an order for appellant to give a specimen was issued and executed in 2007, and Travis County officers arrested him upon his release in 2011. There is no indication that the State sought to prosecute the offense during appellant's incarceration for the previous conviction, and there is no indication that a prosecution during that period was not feasible. The five-plus-year delay is not dispositive of whether appellant was deprived of a constitutional right, but does require that we assess the remaining factors. *Id.*

3

Appellant was not quick to assert his right to speedy trial, nor was he insistent about it. Although he was interviewed by Travis County law enforcement in 2006, he testified that he did not know he had been indicted later in 2006. He said he inquired about the charges after he was questioned in 2006 and was told he needed to get legal counsel before he could be given that information. He knew that information-gathering continued in 2007 when he gave a court-ordered specimen. Yet there is no indication that he requested a trial or even counsel. He was not arrested until his release from prison in October 2011, and he was appointed counsel a week after his arrest. He did not file his motion for speedy trial until January 2012.[2]

Appellant has not demonstrated any prejudice from the delay. Prejudice to a defendant is assessed in light of the following interests: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *State v. Munoz*, 991 S.W.2d 818, 826 (Tex. Crim. App. 1999). Appellant had to serve all eleven years of his sentence for the previous conviction, but there is no proof in the record that the absence of prosecution for this charge caused that result. He was tried nine months after his release from prison on the previous conviction, which was within reasonable bounds. He testified that he felt anxiety because of the allegations, but did not know that he had been indicted and failed to show that the anxiety or concern went beyond the level normally associated with being charged with a felony sexual crime. *See Shaw v. State*, 117 S.W.3d 883, 890 (Tex. Crim. App. 2003). As for witnesses, appellant said he lost touch with people who might have testified, but he did not produce evidence that the loss of contact was due to or worsened by the

---

[2] The motion in the appellate record, filed March 23, 2012, is styled a first supplemental motion. There is a reference in the testimony that he filed the original motion in January 2012.

4

delayed trial. He did not name the allegedly lost witnesses, discuss what steps he took to find them, state what evidence they could have provided, or issue any subpoena. He has not demonstrated that the delay impaired his defense. *See Phipps v. State*, 630 S.W.2d 942, 947 (Tex. Crim. App. 1982).

Weighing these factors together, we conclude that appellant failed to show that his right to a speedy trial was violated in any way that harmed him or his defense.

**Sufficient evidence supported the finding of venue in Travis County**

Appellant asserts that the State failed to prove venue. On appeal, we presume that venue was proved in the trial court unless it was disputed in the trial court or the record affirmatively shows the contrary. Tex. R. App. P. 44.2(c)(1). Appellant did not dispute venue in the trial court, and the record does not affirmatively negate Travis County as a county of proper venue. The State need prove venue only by a preponderance of the evidence. Tex. Code Crim. Proc. art. 13.17; *Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003). When reviewing whether there is legally sufficient evidence of venue, we view all the evidence in the light most favorable to the verdict and then determine whether a rational trier of fact could have found venue was proper by a preponderance of the evidence. *Dewalt v. State*, 307 S.W.3d 437, 457 (Tex. App.—Austin 2010, pet. ref'd).

When this offense was committed, no special venue provision applied,[3] so the general venue rule applies. *See* Tex. Code Crim. Proc. art. 13.18. Under article 13.18, venue is proper in the county where the offense was committed. *Id.* Appellant's daughter testified that he assaulted her in his apartment in Austin. Though the Austin city limits incorporate portions of

---

[3] The legislature has since enacted a special venue provision for certain offenses against children committed on or after September 1, 2011. *See* Tex. Code Crim. Proc. art. 13.075.

counties other than Travis, an Austin police officer testified that the offenses occurred "in Austin, Travis County, Texas." Appellant points to no evidence contradicting either witness's testimony. Viewed in the light most favorable to the verdict, the evidence is sufficient for a jury to find that a preponderance of the evidence shows that the offense occurred in Travis County, Texas, and thus that venue is proper there.

**The trial court did not err by failing to declare a mistrial based on the prosecutor's comments during argument.**

Appellant contends that the prosecutor's argument at guilt/innocence improperly commented on his failure to testify. The prosecutor summarized testimony from the victim and her brother about appellant's actions, particularly appellant's display of pornography in his apartment when the children visited. The prosecutor stated that this evidence was "[u]ncontroverted. Not contradicted by anything or any witness or any questions that the defense asked. Because they know it to be true. She also told you—" at which time appellant objected. The trial court instructed the jury to "disregard the last statement if it in any way comments on the defendant's failure to testify, and you are asked to disregard the last comment by the prosecutor." The trial court denied the motion for mistrial.

Permissible jury argument generally falls into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). To determine whether prosecutorial argument is a comment on a defendant's failure to testify, we must decide "whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's

6

failure to testify." *Busby v. State*, 253 S.W.3d 661, 666 (Tex. Crim. App. 2008) (quoting *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007)). "It is not sufficient that the language used might impliedly or indirectly be so construed." *Id*. Rather, "the implication that the State referred to the defendant's failure to testify must be a clear and necessary one." *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011). We must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument. *Id.*

We review the denial of a motion for mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Only in extreme circumstances, where prejudice is incurable, will mistrial be required. *Id.* In determining whether improper jury argument warrants a mistrial, we balance three factors:

> 1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks);
>
> 2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and
>
> 3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction).

*Id*. at 700 (citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)).

The objected-to argument was not a comment on appellant's failure to testify. A juror would have to infer that the prosecutor was implying that the absence of controverting evidence was due to appellant's failure to testify. That is neither a clear nor a necessary implication from the prosecutor's argument. The evidence was uncontroverted by cross-examination of the children and by the testimony of any other witness. To the extent any juror might have inferred a

7

comment on the failure of appellant to testify, the instruction to disregard was sufficient. The denial of the motion for mistrial was not an abuse of discretion.

Appellant also complains about the prosecutor's argument at the punishment phase. In its argument, the defense questioned how the victim could claim that she had personal problems due to abuse, but have written "I love you" to appellant as a child, made good grades, and sent him pictures. The defense questioned how she could "know" that appellant was in prison for "molesting the babysitter," yet obey her mother's directive to write letters to appellant and not make an outcry. The defense was "not saying she was insincere" but could not understand how these facts could coexist. The defense stated that the contrast between her tearful testimony at guilt/innocence and her "perfectly okay" demeanor at punishment indicated that "this is a show-up here." The defense stated that she was a "smart young girl and that the way she acted on the stand "is not actually the way she would legitimately act."

In response, the prosecutor argued that the defense "essentially" accused the victim of lying because she managed to be a good student and person despite appellant's actions. The prosecutor said, "They don't respect your verdict." The prosecutor then said, "The purpose of the criminal justice system, there is three parts. Rehabilitation. He's a child molester, and I'm sorry, folks, they cannot be rehabilitated. He's taken no responsibility for what he's done." Appellant then objected to the comment on appellant's failure to testify. The trial court sustained appellant's objection, denied his motion for mistrial, and instructed the jury "to disregard the last comment from the State if it can in any way be implied as a comment on the defendant's rights. You are to disregard the last statement of the prosecutor."

8

When the State's argument resumed, the prosecutor argued as follows:

> What I meant to say is that his failure to take responsibility was demonstrated by the fact that they brought the victim back here and his exact words—Mr. Shelton's exact words—were she put on a show. So what is that telling you? That you got it wrong, that you got it wrong for believing Elizabeth, and you fell for her tears. That's what they are telling you, and that is showing a lack of responsibility for what he did to her. And that is something that you need to consider when you go back there in determining what his punishment should be.

There was no objection to this argument.

We are not persuaded that the argument in this case was improper. Comment on the defendant's failure to take responsibility can be a comment on his failure to testify. *Randolph*, 353 S.W.3d at 891-92. The *Randolph* court wrote that, although arguing that a defendant failed to accept responsibility simply by pleading "not guilty" would be improper, the State could properly argue that a defendant's choice to put on alibi witnesses or claim that a death was accidental showed a defendant's failure to accept responsibility. *Id.* at 892. In this case, the State did not comment directly on appellant's failure to testify, and the connection between the State's argument and that choice is tenuous at best. The State's argument that appellant showed his failure to accept responsibility by continuing to attack the victim's credibility after the jury had implicitly found her credible by convicting him resembles the argument that the court of criminal appeals described as permissible in *Randolph*. *See id.*

Even if the argument were improper, we find no abuse of discretion in the denial of the motion for mistrial. The argument was not "severely" improper, nor did it have a large effect. *See Archie*, 221 S.W.3d at 700. The trial court instructed the jury to disregard the objected-to argument, and the State clarified its meaning without objection. This cured any harm from the

original argument. *See id.* The objected-to argument did not cause appellant's conviction because the argument was made at the punishment phase. The severity of his punishment was likely due to the nature of the conduct described by the victim and the previous conviction for sexual assault of a child rather than any oblique reference to his failure to testify. We find no abuse of discretion in the denial of the motion for mistrial.

**The trial court did not err harmfully by allowing the State to attack appellant by challenging his counsel's tactics.**

Appellant contends that the State attacked defense counsel's tactics in a way that harmed his defense. The State is not supposed to use its argument to accuse defense counsel of improper conduct or bad character as a way of attacking the defendant. *Orona v. State*, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990). In the *Mosley* case, cited above concerning proper jury argument, the court considered the following argument by the State: "The defense has attempted to get you off the main road [to truth], to divert you. They don't want you to stay on the main road because they know where that will take you. . . . They want you to take a side road, a series of side roads, rabbit trails, and a rabbit trail that will lead you to a dead-end. The truth is not there." 983 S.W.2d at 259. The court opined that mild arguments attacking defense counsel's arguments may be acceptable, but that arguments attacking the defense counsel's character or veracity are more likely to be unacceptable. *Id.* at 258-59. Error in permitting argument is subject to a harm analysis, assessed by the three-part test for jury argument described in *Archie*. *See id.* at 259-60.

Appellant complains about the following argument by the State:

> The defense, I would argue to you, does not respect your verdict. And that was evident by the fact that they drug Elizabeth back in here to ask her about some grades and her pictures. Things they could have asked her on Tuesday.

10

Appellant's objection to this argument was overruled, after which the State argued as follows:

> They drag her back in here to ask her about her good grades and some pictures that she sent. So what? So essentially he's saying she's lying to you because she made good grades and because she sent some pictures, may or may not have sent pictures to the man who abused her from the age of six to eight.

These arguments do not cast aspersions on defense counsel's veracity, but do question the tactic of challenging the victim's credibility after the jury had already found appellant guilty. The State was responding to appellant's counsel's argument at punishment that the victim's demeanor and testimony was inconsistent with her behavior outside the courtroom, strongly implying that the victim had manufactured or embellished her testimony.

A conviction does not render the victim's credibility entirely unassailable at punishment, but neither must attacks on the victim's credibility go unanswered. Prosecutors have argued that sentencing has several purposes, including punishment for the offender, rehabilitation for the offender, and deterrence for the offender and others. *See, e.g.*, *Smith v. State*, 457 S.W.2d 58, 60 (Tex. Crim. App. 1970). A jury might find a victim's testimony credible regarding the elements of the offense at guilt/innocence, but not fully accept the victim's description at punishment of the full extent of the offender's actions, the offender's state of mind, or the effect of the crime on the victim. That distinction might affect the jury's assessment of the sentence. But, when the defense argues that the victim is not credible, the State may properly respond. *See Cannady*, 11 S.W.3d at 213.

Appellant's counsel argued that the victim's continued correspondence with appellant, delayed outcry, and good grades were inconsistent with her tearful testimony. This clearly was an attack on her credibility, and the State recognized that and responded. The State's argument

11

was not merely a defense of the victim's credibility, however, as it addressed tactics by counsel, referring to "they" (instead of a single defendant) and their questions of the victim. The State characterized the attorney's tactics negatively, saying that they dragged her back into the courtroom.

We conclude that, even if the trial court erred by overruling appellant's objection, it did not harm appellant. The State's argument was part of a valid defense of the victim's credibility. The extent to which it exceeded those bounds, if at all, was not severe. The State did not suggest that appellant be punished more for his counsel's tactics. Because the trial court overruled the objection, it did not instruct the jury to disregard the argument, but we nevertheless conclude that the argument had minimal if any effect on the outcome. The jury had already found the victim sufficiently credible to convict appellant of continuous sexual assault of his daughter over the course of three years when the State made the argument. Her descriptions of the assaults on her beginning when she was five or six years old were vivid and disturbing. We conclude that the argument at punishment had no effect on his conviction and minimal, if any, effect on appellant's punishment.

**The judgment needs to be modified to correct a clerical error.**

The State has moved for a judgment nunc pro tunc to correct a clerical error concerning the number of a count recited in the judgment that is inconsistent with the indictment. This Court can modify incorrect judgments when we have the information to do so. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source"); *see also* Tex. R. App. P. 43.2, 43.6. Appellant has not responded to this motion.

The mistake that the State points out is a clerical error and does not affect the merits of the jury's decision. Counts three and four of the indictment allege the elements of aggravated sexual assault of a child, while count five of the indictment concerns indecency with a child by contact. The jury charge on guilt/innocence instructs the jury in paragraphs four and five on the elements of sexual assault of a child, while paragraph three discusses general concepts related to dates such as the absence of a requirement that the State prove the exact date alleged in the indictment. The indecency-by-contact offense is discussed in paragraph six. On the verdict form, the jury found appellant guilty of the offense of aggravated sexual assault of a child as alleged in both "paragraph four" and "paragraph five." Based on that verdict, as instructed, the jury did not consider the indecency-by-contact claim alleged in count five and discussed in paragraph six of the jury charge. There is a judgment form for each of the counts that the jury reached. One judgment form recites that appellant was convicted of "aggravated sexual assault of a child—count four," which is consistent with the indictment and the charge. The other judgment form, however, recites that appellant was convicted of "aggravated sexual assault of a child—count five," which number is inconsistent with the numbering of the remaining aggravated-sexual-assault-of-a-child count and with the content of count five of the indictment, but is consistent with the content and numbering of the paragraphs in the jury charge.

The judgment's use of "count five" is plainly a clerical error. There is no indication whatsoever that the jury was confused or that it convicted appellant of anything other than two counts of aggravated sexual assault of a child. For clarity, we will correct the error. Because we have jurisdiction over this case, the power to correct errors, and plenary power, we need not issue a judgment nunc pro tunc. *See French*, 830 S.W.2d at 609. We modify the judgment in part as it

13

concerns the judgment that discusses a conviction on "Count Five" and modify that judgment to provide that appellant was convicted of "Count Three" instead. We dismiss the motion for judgment nunc pro tunc as moot.

## CONCLUSION

We modify the judgment so that the portion of the judgment stating that appellant was convicted of "Aggravated Sexual Assault—Count Five" will instead provide that appellant was convicted of "Aggravated Sexual Assault—Count Three." We affirm the judgment as modified.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton, and Rose

Modified and, as Modified, Affirmed

Filed:   July 11, 2014

Do Not Publish