

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1249-12

**KEVIN RAY HENSON, Appellant**

**V.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS, HARRIS COUNTY

*Womack, J., delivered the opinion of the Court, in which Keller, PJ., Price, Johnson, Keasler, Hervey, Cochran, and Alcala, JJ., joined. Meyers, J., filed a dissenting opinion.*

We granted the appellant's petition for discretionary review to address whether a defendant must raise a speedy-trial claim in the trial court in order to preserve that issue for appellate review. Holding that he must, we affirm the holding of the First Court of Appeals.

**I**

On April 11, 2008, the appellant was involved in a violent altercation with a friend in

which he stabbed the friend 11 times. The appellant was arrested, and, on May 9, 2008, the State charged him with aggravated assault, a third-degree felony.[1]

The appellant's case was reset several times because the appellant had difficulty getting and keeping counsel. Finally, on January 30, 2009, the trial court appointed counsel. After that, the case was reset for pretrial hearings and conferences. On January 2, 2010, the State filed an agreed motion for continuance because a witness was sick. The next day, the judge granted the State's motion and added the notation, "Def. ready." The case was reset seven more times before the trial began on March 4, 2011. In total, the case was reset 25 times over three years.

The appellant agreed to every reset in this case. Each reset form states, "The undersigned Counsel hereby agrees this case is reset for [type of hearing] to [date]." The State, the appellant, and (when the appellant had one) his trial counsel signed each form. At no point throughout this process did the appellant object to these delays or file a speedy-trial motion. The first time the appellant raised the issue of a speedy-trial violation was on appeal to the Court of Appeals, which affirmed the judgment of conviction.[2]

**II**

The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. This ensures that the defendant is protected from oppressive pretrial incarceration, mitigates the anxiety and concern accompanying public accusations, and ensures that the defendant can mount a defense.[3] However, the speedy-trial right is different from other

---

[1] *See* TEX. PENAL CODE §§ 22.01(a)(1), 22.02(a).

[2] *Henson v. State*, 388 S.W.3d 762 (Tex. App. – Houston [1st] 2012).

[3] *Barker v. Wingo,* 407 U.S. 514, 532, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

constitutional rights because the deprivation of the right can benefit the defendant.[4] Delay can cause witnesses to become unavailable or can cause their memories to fade, making it more difficult for the prosecution to meet its burden of proof.[5] Because of these competing interests, the speedy-trial right is "a more vague concept than other procedural rights."[6] There is no fixed amount of delay that is too much.

The right to a speedy trial attaches when a person becomes an accused. This can be when he is arrested or when he is charged.[7] The Supreme Court has stated that courts must analyze these claims on an ad-hoc basis by applying a fact-specific balancing test.[8] This test has four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice inflicted by the delay.[9]

The question before us is whether a defendant must first preserve error for appellate review through a timely objection in the trial court before he is entitled to such an analysis.[10]

**III**

The preservation requirement is that "[u]nless a litigant ... moves to avail himself of a procedural benefit ... no such benefit inures .... Because the judge has no independent duty in this

---

[4] *Id.,* at 521.

[5] *Ibid.*

[6] *Ibid.*

[7] *United States v. Marion*, 404 U.S. 307, 321, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971).

[8] *Barker,* 407 U.S. at 530; *Cantu v. State,* 253 S.W.3d 273, 280 (Tex. Cr. App. 2008).

[9] *Barker,* 407 U.S. at 530.

[10] *See* TEX. R. APP. P. 33.1 ("As a prerequisite to presenting a complaint for appellate review, the record must show that ... the complaint was made to the trial court by a timely request, objection, or motion ... .").

regard, his failure ... isn't error about which complaint might later be made on appeal."[11] In order to preserve error for appellate review, a defendant must make a timely request, objection, or motion in the trial court (regardless of whether or not the error complained of is constitutional). This rule applies to all but the most fundamental rights. The only exceptions are two relatively small categories of error: rights which are waivable only and denials of absolute, systemic requirements. Such errors may be raised for the first time on appeal.[12] Neither this court nor the Supreme Court has ever clearly held that the right to a speedy trial requires preservation or cannot require preservation.

In *Barker,* the Supreme Court distinguished the speedy-trial right from typical fundamental rights, as to which the State bears the entire burden of proving that the defendant made a knowing and voluntary waiver. "We do not depart from our holdings in *other cases* concerning the waiver of fundamental rights, in which we have placed the entire responsibility on the prosecution to show that the claimed waiver was knowingly and voluntarily made. Such cases have involved rights which must be exercised or waived at a specific time or under clearly identifiable circumstances ... ."[13]

Contrary to the appellant's assertion, *Barker* did not reject the notion that a defendant may be required to preserve a speedy-trial claim. It stated that the defendant does bear some responsibility for asserting the right.[14] What *Barker* actually rejected was a very specific

---

[11] *Marin v. State,* 851 S.W.2d 275, 278 (Tex. Cr. App. 1993).

[12] TEX. R. APP. P. 33.1; *Aldrich v. State*, 104 S.W.3d 890, 894-95 (Tex. Cr. App. 2003).

[13] *Barker,* 407 U.S. at 529 (emphasis added).

[14] *Id.,* at 528.

"demand-waiver" rule: one in which a defendant waives his right to a speedy trial as to any period before he demanded that his right be honored.[15]

Just as *Barker* does not specifically address the issue, our own case law is far from consistent. We have never held that a speedy-trial right is waivable-only or systemic in nature. However, before *Marin*, we delivered many opinions that ignored the issue of preservation entirely and, in some cases, held that the defendant had not *waived*[16] his rights.[17] We did not explain if or why the right was waivable only rather than subject to the more typical rules of preservation.[18] Further complicating matters, in recent cases, we have held that the speedy-trial right must be preserved.[19] Unfortunately, these recent opinions do not offer any justification for our change of course nor do they cite authority.[20]

---

[15] *See id.,* at 524-25.

[16] BLACK'S LAW DICTIONARY (9th ed. 2009), waiver ("The voluntary relinquishment or abandonment — express or implied — of a legal right or advantage....").

[17] *McKinney v. State*, 505 S.W.2d 536 (Tex. Cr. App. 1974) (When a speedy-trial complaint was raised for the first time on appeal, the Court held this was not waiver but only one factor to be considered in a *Barker* analysis. The opinion does not mention preservation.); *Archie v. State*, 511 S.W.2d 942 (Tex. Cr. App. 1974) ("A defendant who fails to demand a speedy trial does not forever waive his Sixth Amendment right. The better rule is that the defendant's assertion of, or failure to assert, his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of his right."); *Ross v. State*, 523 S.W.2d 402 (Tex. Cr. App. 1975) (applying *Barker* without discussing waiver or preservation); *Easley v. State*, 564 S.W.2d 742 (Tex. Cr. App. 1978) (applying *Barker* without discussing waiver or preservation).

[18] *See Marin,* 851 S.W.2d, at 279. ("All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong.")

[19] *Dunn v. State*, 819 S.W.2d 510 (Tex. Cr. App. 1991) ("Consequently, since appellant's point of error [concerning his speedy-trial right] does not comport with his trial objection nothing was preserved for appellate review"); *Mulder v. State*, 707 S.W.2d 908 (Tex. Cr. App. 1986) ("The record does not reflect that Claude raised a speedy trial claim in cause no. 22,843, and, as that cause is the case before us we find that no issue is presented because no motion to dismiss was made by Claude in the instant case.").

[20] The appellant cites to two recent cases which he claims follow our older precedent. We are unpersuaded by his argument because his authorities are not on point. *See Dragoo v. State*, 96 S.W.3d 308, 311 (Tex. Cr. App. 2003) (No discussion of preservation of error because the appellant filed a speedy-trial motion the day before his trial began); *see also Blanco v. State,* 18 S.W.3d 218, 219-20 (Tex. Cr. App. 2000) (Opinion does not discuss the

**IV**

We are persuaded that the preservation requirements do apply to speedy-trial claims for several reasons. The vast majority of errors must be preserved. It is informative to look at the few rights that warrant an exception to this rule. Waivable-only rights include the right to assistance of counsel, trial by jury, and a statutorily mandated right that appointed counsel have ten days before trial to prepare. Absolute, systemic requirements include personal jurisdiction, subject-matter jurisdiction, and a penal statute's being in compliance with the separation of powers section of our state constitution.[21]

One notable difference between these rights and the right to a speedy trial is that the other rights do not have so great an incentive for the defendant to sleep on his rights. As has been discussed, the deprivation of a speedy trial often can benefit the appellant. Without a requirement of preservation, a defendant would have great incentive not to insist upon a speedy trial and then to argue for the first time on appeal that the prosecution should be dismissed because of delay. The requirement of preservation forces the defendant to pick one strategy. He can either fail to insist upon a speedy trial and possibly reap benefits caused by delay, or he can insist on a prompt trial, and if it is not granted, argue for a dismissal. He may not do both.

Other policies are persuasive as well. If the appellant brings his complaint to the trial court first, the trial court can grant the appropriate remedy before the expense and other burdens of a trial (and an appeal) have been incurred.

Further, a requirement of preservation allows the trial court to develop the record

---

speedy-trial right).

[21] *Aldrich,* 104 S.W.3d, at 895.

sufficiently for a *Barker* analysis. At least two of the *Barker* factors (the reason for delay and the prejudice to the accused) are fact-specific inquiries and may not be readily apparent from the trial record. A requirement that the appellant assert his complaint at the trial level enables the court to hold a hearing and develop this record so that the appellate courts may more accurately assess the claim.

Our conclusion is strengthened by the fact that every court of appeals to consider the issue has upheld a preservation requirement.[22]

**V**

In this case, the appellant made no effort to demand a speedy trial. He claims that announcing ready was such a demand. However, this is not a *demand* for a speedy trial; instead, it merely asserts that he could go to trial at that moment should the State push for it. A speedy-trial demand should be, at the very least, unambiguous. Finally, the appellant's other actions are inconsistent with a demand for a speedy trial. He did not file a speedy-trial motion, did not request a hearing on the delays, and explicitly agreed to each and every reset. The appellant signed each agreed reset. These are not the actions of someone seeking to preserve and protect his right to a speedy trial.

We affirm the judgment of the courts below.

---

[22] *See Henson,* 388 S.W.3d at 762; *Bridges v. State,* 2010 LEXIS 1011, at *7 (Tex. App.—Forth Worth, February 11, 2010, pet. ref'd)(mem. op., not designated for publication); *Cowart v. State,* 2000 LEXIS 5843, at *2 (Tex. App.—Austin, August 31, 2000, no pet.)(mem op., not designated for publication); *Haley v. State,* No. 05-11-01297-CR, 2013 LEXIS 271, at *8-11 (Tex. App.—Dallas January 14, 2013, no pet. hist.)(mem. op., not designated for publication); *Fuller v. State,* 224 S.W.3d 823, 826-27 (Tex. App.—Texarkana 2007, no pet.); *Hucks v. State*, 348 S.W.3d 359, 363 (Tex. App.—Amarillo 2011, no pet.); *Ramirez v. State*, 897 S.W.2d 428, 431 (Tex. App.—El Paso 1995, no pet.); *Dean v. State*, 995 S.W.2d 846, 850 (Tex. App.—Waco 1999, pet. ref'd); *Grimaldo v. State*, 130 S.W.3d 450, 454 (Tex. App.—Corpus Christi 2004, no pet.); *Guevara v. State*, 985 S.W.2d 590, 592-93 (Tex. App.—Houston [14th Dist]. 1999, pet. ref'd).

Delivered: September 11, 2013.

Publish.