

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00531-CR

DAVID EVERETT STEVENS                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 52,590-C

----------

## MEMORANDUM OPINION[1]

----------

Appellant David Everett Stevens was tried by jury and found guilty of criminal solicitation of capital murder for remuneration. The jury assessed punishment at seventy-five years' confinement. He brings a single issue forward on appeal: Was he deprived of his Sixth Amendment right to a speedy trial? We affirm the judgment.

---

[1]*See* Tex. R. App. P. 47.4.

## FACTS

In March 2010, informer Juan Gutierrez told Wichita Falls police investigators that Appellant had given him a $200.00 deposit and promised another $1,800.00 if Gutierrez would kill Matthew McCann, who was living with Appellant's estranged wife. On March 15, 2010, Gutierrez, cooperating with Wichita Falls police and the intended victim, McCann, telephoned Appellant and told him that he was going to kill McCann that afternoon and, as proof of the deed, that he would bring McCann's wallet and cell phone to Appellant at the Love's Truck stop at 1124 Central Freeway in Wichita Falls. Later that afternoon, as arranged, Gutierrez arrived at the truck stop in McCann's vehicle, told Appellant that he had killed McCann, and handed McCann's wallet and cell phone to Appellant. After Appellant handed Gutierrez eighteen one-hundred dollar bills, the sting was made, and Appellant was arrested by Wichita Falls police officers.

From the abbreviated record before us, it appears that Appellant's bond was initially set at $2.5 million. Bond reduction motions were filed in March and April 2010, and a writ of habeas corpus was filed in August 2010, but it does not appear that he was released as a result. The record does show that he was released from custody on April 19, 2012, but it is not clear how. Appellant's bond was then raised to $10 million on September 18, 2012, and curiously, he was indicted the following day—September 19, 2012.

2

The essence of Appellant's argument is that he spent 790 days in jail from his arrest to his sentencing in violation of his right to a speedy trial.

**DISCUSSION**

The Sixth Amendment to the United States Constitution provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. Nevertheless, as the State asserts, we must give short shrift to Appellant's right to a speedy trial because he failed to raise such a claim in the trial court and thus did not preserve the issue for appellate review. *Henson v. State*, 407 S.W.3d 764, 769 (Tex. Crim. App. 2013), *cert. denied*, 134 S. Ct. 934 (2014). In *Henson*, the court of criminal appeals unambiguously held that a defendant must, as per Texas Rule of Appellate Procedure 33.1, first preserve error for appellate review through a timely objection in the trial court before he is entitled to have considered the four-prong balancing test created in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972), to determine whether his constitutional right to a speedy trial has been violated. *Henson*, 407 S.W.3d at 769.

Appellant concedes that he did not object on Sixth Amendment grounds; thus, we[2] must overrule his only issue on appeal and affirm the judgment of the trial court.

---

[2]Writing only for myself, I believe that Judge Myers's dissent in *Henson* is the more proper guidepost we should follow. *See Henson*, 407 S.W.3d at 769–770 (Myers, J., dissenting).

3

/s/ David Wellington Chew
DAVID WELLINGTON CHEW
SENIOR JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL, J.; and DAVID WELLINGTON CHEW (Senior Justice, Retired, Sitting by Assignment).

GABRIEL, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 18, 2014