**AFFIRM; and Opinion Filed July 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00563-CR

**BILLY JOE CAMPBELL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-81619-2012**

## MEMORANDUM OPINION
Before Justices Brown, Stoddart, and Schenck
Opinion by Justice Brown

Billy Joe Campbell appeals his conviction for the offense of indecency with a child. A jury found appellant guilty and assessed his punishment at eleven years' confinement and a $5,000 fine. In two issues, appellant contends he was denied his constitutional right to a speedy trial and was denied due process by an instruction in the punishment charge about good time credit and parole. For reasons that follow, we affirm the trial court's judgment.

### SPEEDY TRIAL

In his first issue, appellant contends he was denied his constitutional right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. There was a delay of two years between the time of appellant's arrest on April 21, 2012, and his jury trial which began April 14, 2014. Appellant admits in his brief that there is nothing in the record to indicate he asserted his right to a speedy trial in the trial court.

Noting that the deprivation of a speedy trial can benefit the defendant, the court of criminal appeals has held that a defendant must raise a speedy-trial claim in the trial court in order to preserve that issue for appellate review. *Henson v. State*, 407 S.W.3d 764, 768–69 (Tex. Crim. App. 2013), *cert. denied*, 134 S. Ct. 934 (2014). Without a preservation requirement, a defendant would have great incentive to not insist on his right to a speedy trial and then argue for the first time on appeal that the prosecution should be dismissed because of delay. *Id.* at 769. A preservation requirement allows the trial court to (1) grant an appropriate remedy before the expense and other burdens of a trial and an appeal have been incurred and (2) hold a hearing and develop the record so that appellate courts may more accurately assess the claim. *Id.* As in *Henson*, appellant made no effort to demand a speedy trial. In fact, the record contains eleven forms signed by appellant and his counsel, and one signed by counsel only, dated between August 2012 and March 2014 by which appellant agreed to reset the case.[1] Appellant has not preserved his speedy-trial complaint for our review. We overrule his first issue.

## JURY CHARGE

In his second issue, appellant contends he was denied due process of law because of the parole instruction in the punishment charge. The complained-of instruction is mandated by article 37.07, section 4(a) of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (West Supp. 2014). The article sets out the exact language the trial courts are required to include. *Id.* As described by the court of criminal appeals, the statutory parole charge instructs a jury in general terms about the existence and possible grant of parole. *Luquis v. State*, 72 S.W.3d 355, 360 (Tex. Crim. App. 2002). The instruction also refers to the concept of "good conduct time" and states that a person sentenced to prison might earn some reduction in

---

[1] We also note that the length of appellant's pretrial incarceration was increased due to his bond forfeiture. He was arrested in April 2012 and released on bond in September 2012. A condition of his bond prohibited him from having contact with the complaining witness. In January 2013, appellant's bond was forfeited for failure to comply with that condition. He was rearrested and jailed until trial.

his period of incarceration through the discretionary award of good conduct time. *Id.* The instruction also warns the jury that it cannot accurately predict how the concepts of good conduct time and parole might be applied to any particular person and thus it may not consider how those concepts might apply to the defendant. *Id.* The overall purpose of the instruction is to generally inform jurors of good conduct time and parole, but prohibit them from using the notions of these concepts in assessing the appropriate punishment. *Id.*

Appellant maintains that because he is not eligible for good time credit, the parole charge was unconstitutional as applied to him. *See* TEX. GOV'T CODE ANN. § 508.149(a)(5) (West Supp. 2014) (inmate serving sentence for indecency with child may not be released to mandatory supervision).[2] In *Luquis*, the court of criminal appeals rejected the argument appellant makes. *Luquis*, 72 S.W.3d at 365. In *Luquis* and in this case, the jury was instructed not to consider how good conduct time or the parole law may be applied to the defendant. We assume the jury followed these instructions, and we will not find constitutional error unless we conclude that a reasonable jury probably was actually confused by this charge. *See id.* at 366–67.

Appellant did not object to the court's charge on punishment and thus bears the burden to show that any error resulted in egregious harm such that he did not receive a fair and impartial trial. *See Jiminez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000); *Atkinson v. State*, 107 S.W.3d 856, 859–60 (Tex. App.—Dallas 2003, no pet.). Appellant claims there is a reasonable probability the parole charge did mislead the jury. He does not elaborate on how or why the jury was misled. As in *Luquis*, nothing in the record suggests the jurors discussed, considered, or tried to apply what they were told about good conduct time and parole. *See id.* at 367. Neither side mentioned parole or good conduct time during closing arguments. The jury did not send out

---

[2] "Mandatory supervision" means the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of his sentence not on parole but under the supervision of the pardons and paroles division. TEX. GOV'T CODE ANN. § 508.001(5) (West 2012). An inmate released to mandatory supervision is considered to be released on parole. *Id.* § 508.147(b).

any notes on the subject. The range of punishment was two to twenty years, and appellant's eleven-year sentence was right in the middle of this range. Appellant has not demonstrated a reasonable likelihood that the jury was in fact misled by the instruction or that it assessed a higher punishment based on any misconstruction of the parole law charge. *See id.* at 368. Thus, under these circumstances, the parole instruction did not violate appellant's right to due process, and we cannot conclude that appellant suffered egregious harm. *See id.*; *Atkinson*, 107 S.W.3d at 860. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140563F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BILLY JOE CAMPBELL, Appellant

No. 05-14-00563-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-81619-2012.
Opinion delivered by Justice Brown. Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of July, 2015.