

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00317-CR

---

JOHN ORTIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2015-408,046, Honorable Jim Bob Darnell, Presiding

---

November 30, 2018

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

A jury convicted appellant, John Ortiz, of felony driving while intoxicated.[1] In his sole issue on appeal, appellant contends that he was denied his constitutional right to a speedy trial. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2018).

## Background

Around 10:00 p.m. on October 25, 2015, six 911 calls were made regarding a vehicle going the wrong way on Loop 289 in Lubbock. An officer soon caught up with the complained-of vehicle, which was traveling southbound in the northbound lane. The officer initiated a stop, which led to appellant's arrest for driving while intoxicated. A blood draw taken with appellant's consent revealed that his blood-alcohol concentration was 0.238 grams of alcohol per 100 milliliters of blood.

Because he had two prior convictions for DWI, appellant was charged with felony DWI. Appellant pleaded not guilty to the charge and not true to the two prior convictions. Following a trial in June of 2017, a jury found appellant guilty and assessed punishment at twenty years' confinement.

## Discussion

In his sole issue, appellant contends that his constitutional right to a speedy trial was violated because his trial occurred one year, seven months, and twenty-five days after he was arrested. The State argues appellant failed to preserve this issue for our review. We agree.

The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to a speedy trial. U.S. CONST. amends. VI, XIV; *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014). When we analyze speedy trial claims, we apply the factors set forth in *Barker v. Wingo*: (1) the length of the delay, (2) the reason for the delay, (3) the assertion of the right, and (4) the prejudice to the accused. *Gonzales*, 435 S.W.3d at 808 (citing *Barker*

2

*v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)). The Court of Criminal Appeals has held that an appellant must properly raise a complaint about a speedy-trial violation in the trial court to preserve the issue for appellate review. *Henson v. State*, 407 S.W.3d 764, 768-69 (Tex. Crim. App. 2013).

The record before us reflects an almost twenty-month interval from appellant's arrest in October of 2015 to his trial in June of 2017. During that time, appellant's counsel did not request a speedy trial. He did, however, file a "Motion to Set Aside Indictment for Failure to Afford Constitutional Right to Speedy Trial" on May 5, 2017. And while the only relief appellant sought was dismissal of the indictment, that motion served as notice of appellant's speedy trial claim. *See, e.g., Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983) (explaining that motion to dismiss notifies the State and court of the speedy trial claim, but a defendant's motivation in asking for dismissal rather than prompt trial may attenuate the strength of his claim). But the record does not show that appellant set the motion for hearing or obtained a ruling on it. Further, appellant did not re-urge his motion prior to the beginning of trial on June 19, 2017.

As we observed in *Flores v. State*, "preservation of error for violation of the right to a speedy trial involves more than the mere filing of a motion." *Flores v. State*, No. 07-16-00071-CR, 2018 Tex. App. LEXIS 1479, at *19-20 (Tex. App.—Amarillo Feb. 26, 2018, pet. ref'd) (mem. op., not designated for publication) (finding speedy-trial claim not preserved where motion was not presented or brought to the trial court's attention, no evidence was presented, and no ruling was sought or obtained). Like the defendant in *Flores*, appellant did not bring his complaint to the trial court's attention, seek or obtain a ruling from the trial court, or present evidence that would allow the trial court or this Court

to assess the merits of appellant's complaint under a *Barker* analysis. In the face of such a record, we must conclude that appellant preserved nothing for our review. Consequently, we overrule this issue.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.