

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00211-CR

_____

ANDREA DWAYND JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 32304CR

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

In May 2016, Andrea Dwaynd Johnson burglarized Sartin's Powerhouse in Greenville and stole three chainsaws. When he was arrested in September 2016 for an unrelated burglary in Sulphur Springs, Johnson confessed to also committing the Greenville burglary. Although a Hunt County Sheriff's Department investigator observed the confession, Johnson was not indicted for the Greenville burglary until June 15, 2018.

Johnson pled guilty to burglary of a building,[1] and after a bench trial on punishment, the Hunt County trial court sentenced Johnson to two years' confinement in a state jail, with 244 days' credit for time served. On appeal, Johnson complains that he was denied his right to due process under the Fifth Amendment to the United States Constitution by the State's unreasonable delay in obtaining the indictment. Because Johnson has not preserved this complaint for our review, we affirm the trial court's judgment.

## I.    Error Preservation

Generally, to preserve error for appellate review, the complaining party must make a timely and specific request, objection, or motion at trial, and obtain a ruling from the trial court. TEX. R. APP. P. 33.1(a); *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013). Even most constitutional errors are subject to this preservation rule. *Henson*, 407 S.W.3d at 767. Requiring a specific request, objection, or motion serves two policy objectives: first, it informs the court of the party's complaint and allows the court to rule on it, and second, it affords the opposing party an opportunity to address the complaint. *See Aldrich v. State*, 104 S.W.3d 890, 894 (Tex. Crim.

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2019).

App. 2003). Thus, specific complaints at trial "promote the prevention and correction of errors." *Id*. When errors are addressed at trial, the parties and the judicial system are not burdened by the added expense of an appeal and retrial. *See Henson*, 407 S.W.3d at 769, *Aldrich*, 104 S.W.3d at 894.

The general rule of error preservation does not "apply to two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.' Such errors may be raised for the first time on appeal." *Aldrich*, 104 S.W.3d at 895 (quoting *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (citing *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997))). "[W]aivable-only [rights] include the rights [sic] to the assistance of counsel, the right to trial by jury, and a right of appointed counsel to have ten days of trial preparation which a statute specifically made waivable-only." *Id*. (citing *Saldano*, 70 S.W.3d at 888). "Absolute, systemic requirements include jurisdiction of the person, jurisdiction of the subject matter, and a penal statute's being in compliance with the Separation of Powers Section of the state constitution." *Id*. (citing *Saldano*, 70 S.W.3d at 888).

## II. Analysis

Johnson does not contend, and the record does not show, that he specifically asserted his due process complaint in the trial court.[2] In his brief, Johnson acknowledges the general rule of

---

[2]Johnson argues that the error was preserved by the testimony brought forth at trial, but he cites no specific testimony in the record supporting this contention. In our review of the reporter's record of the punishment hearing, Johnson testified about the dates of the offense and his confession in Sulphur Springs, as well as the date of the indictment. However, he never asserts that the delay between his confession and his indictment violated his right to due process. This does not meet the requirement of a specific objection, request, or motion that informs the trial court of his due

error preservation, and he acknowledges that, if rights do not fall within the two categories of exceptions, even constitutional errors may be forfeited on appeal if not asserted in the trial court. However, Johnson does not provide any analysis showing why a due process complaint based on a delayed indictment should fall within the narrow exceptions.

It appears that the Texas Court of Criminal Appeals has not decided this issue. That said, in *Henson*, the court was directly presented with the question of whether a complaint concerning provision of a speedy trial was subject to the general rule of error preservation. *Henson*, 407 S.W.3d at 767. In holding that a defendant must assert its speedy-trial complaint in the trial court to preserve the complaint for appellate review, the court found several policy considerations persuasive.

Those policy considerations included that bringing the complaint to the trial court allows the trial court to fashion the appropriate remedy before the expenses and other burdens of a trial and appeal are incurred. *Id*. at 769. And the court pointed out that the preservation requirement "allows the trial court to develop the record sufficiently for a *Barker*[3] analysis." *Id.* The court specifically noted that two of the *Barker* factors—the reason for the delay and the prejudice to the defendant—"are fact-specific inquiries and may not be readily apparent from the trial record." *Id.* It explained that "[a] requirement that the appellant assert his complaint at the trial level enables the court to hold a hearing and develop this record so that the appellate courts may more accurately

---

process complaint. Taken in the context of his testimony and argument at the punishment hearing, it appears that Johnson was using the delay in the indictment to support his argument for the imposition of a lighter sentence.

[3]*See Barker v. Wingo*, 407 U.S. 514, 530 (1972) (providing for a balancing test considering four factors:  the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice inflicted by the delay).

4

assess the claim." *Id*.

We believe these same policy considerations support a conclusion that a due process complaint based on a delayed indictment must first be asserted in the trial court to preserve the complaint for appellate review. First, asserting the complaint in the trial court, such as by a motion to dismiss the indictment,[4] allows the trial court to grant relief before the expenses of either a trial or an appeal are incurred by the parties and the judicial system.

And, as in the balancing test conducted in a speedy-trial complaint, there are fact-specific inquiries that may not be apparent from the trial record. To prevail on a complaint of a denial of due process because of a delayed indictment, "a defendant must demonstrate that the delay: 1) caused substantial prejudice to his right to a fair trial, and 2) was an intentional device used to gain a tactical advantage over the accused." *Krizan-Wilson*, 354 S.W.3d at 814–15 (citing *Spence v. State*, 795 S.W.2d 743, 749 (Tex. Crim. App. 1990) (per curiam); *Ibarra v. State*, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999)). If the defendant has to assert its complaint in the trial court, a hearing may be held, and a record developed, so the appellate courts may accurately assess the defendant's claim.

Finally, several of our sister courts of appeals have also concluded that a complaint of a denial of due process because of a delayed indictment must be asserted in the trial court to preserve the complaint on appeal. *See Gill v. State*, No. 01-17-00790-CR, 2018 WL 6318467, at *2 (Tex. App.—Houston [1st Dist.] Dec. 4, 2018, pet. ref'd) (mem. op., not designated for publication);

---

[4]*See,e.g.*, *State v. Krizan-Wilson*, 354 S.W.3d 808 (Tex. Crim. App. 2011). We do not hold that a pretrial motion to dismiss the indictment is the only way to preserve this complaint in the trial court.

*State v. Suarez*, No. 08-17-00060-CR, 2018 WL 4178460, at *3 (Tex. App.—El Paso Aug. 31, 2018, no pet.) (not designated for publication); *Vernege v. State*, No. 01-05-01156-CR, 2007 WL 79237, at *2 (Tex. App.—Houston [1st Dist] Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication); *Cowart v. State*, No. 03-99-00518-CR, 2000 WL 1227781, at *1 (Tex. App.—Austin Aug. 31, 2000, no pet.) (not designated for publication).[5]  We agree with our sister courts of appeals.

## IV.     Conclusion

Since the record shows that Johnson did not assert his due process complaint based on a delayed indictment in the trial court, he has preserved nothing for our review.  We overrule Johnson's sole issue.

For that reason, we affirm the judgment of the trial court.

Scott E. Stevens
Justice

Date Submitted:      March 26, 2019
Date Decided:        April 17, 2019

Do Not Publish

---

[5]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).