

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00378-CR

DAVID MARTIN SCHMITT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 66,873-A, Honorable Dan L. Schaap, Presiding

April 15, 2020

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Following his plea of guilty, appellant David Martin Schmitt was convicted of aggravated sexual assault of a child[1] and sentenced to serve eight years in the Texas Department of Criminal Justice. In this appeal, he challenges his sentence and contends that he was denied his right to a speedy trial. We affirm the judgment of the trial court.

---

[1] See TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii) West 2019).

Background

In 2012, twelve-year-old Sarah[2] made an outcry of sexual abuse by appellant. The incidents Sarah described occurred a few years earlier, when appellant was a teenager. Appellant was indicted in 2013 in an indictment alleging that he, "on or about August 31, 2006, in Potter County, Texas, did then and there intentionally or knowingly cause the penetration of the mouth of [Sarah], a child, by [his] sexual organ." The juvenile court waived jurisdiction and the case was transferred to the district court. *See* TEX. FAMILY CODE ANN. § 54.02(a) (West 2014).

When the case was called for trial in September of 2018, appellant entered a plea of guilty without a recommendation as to punishment. The trial court heard testimony from Sarah, appellant, and Troy Timmons, a licensed professional counselor and sex offender treatment provider. The trial court found appellant guilty and imposed sentence.

Analysis

Issues 1 and 2: Propriety of the Sentence

In his first issue, appellant contends that there was insufficient evidence to support his eight-year sentence; in his second issue, he asserts that his sentence is disproportionate to the offense and constitutes cruel and unusual punishment under the U.S. and Texas Constitutions. We will address these two issues together.

---

[2] "Sarah" is a pseudonym we will use to protect the identity of the child victim. *See* TEX. R. APP. P. 9.10(a)(3).

First, while appellant acknowledges that the sentencing range for his offense is five to 99 years' or life imprisonment, he claims that his eight-year sentence is not supported by the evidence.

Describing the sentencer's discretion to impose any punishment within the prescribed range to be essentially "unfettered," the Court of Criminal Appeals has explained, "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006). Because the sentencer's decision of what punishment to impose within a statutory range is a normative process that is not intrinsically factbound, we do not review a punishment decision for evidentiary sufficiency. *See Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009); *Prado v. State*, No. 07-16-00273-CR, 2016 Tex. App. LEXIS 13109, at *6-7 (Tex. App.—Amarillo Dec. 8, 2016, no pet.) (mem. op., not designated for publication). We therefore overrule appellant's first issue.

Appellant's second issue is a broader complaint that his eight-year sentence was disproportionate, constituting cruel and unusual punishment. Normally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd). Appellant claims that his sentence was nonetheless unjust, given "the unusual circumstances of his prosecution," namely that (1) the offense was committed when he was a teenager suffering from autism and learning disabilities, (2) the State failed to prosecute the case until he was in his late twenties and a married father of two, (3) he

admitted committing the offense and had no other criminal record, and (4) there was evidence that he was a good candidate for community supervision.

The record reflects that, when the trial court found appellant guilty and assessed punishment, appellant did not object to his sentence. Nor did appellant file a motion for new trial challenging the sentence. For an error to be preserved for appeal, the record must show that a complaint was made to the trial court by a timely and specific request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1); *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). The preservation requirement applies to complaints that a sentence violates the constitutional prohibition on cruel and unusual punishment. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (en banc).

We have reviewed the record and found no request, objection, or motion contending that the trial court's sentence was disproportionate or violated the prohibition against cruel and unusual punishment. Accordingly, we hold that appellant has failed to preserve this complaint for appellate review. *See id.* We overrule appellant's second issue.

Issue 3: Right to a Speedy Trial

In his final issue, appellant asserts that his right to a speedy trial was violated. The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to a speedy trial. U.S. CONST. amends. VI, XIV; *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014). We apply the factors set forth in *Barker v. Wingo* when we analyze speedy trial claims: (1) the length of the delay, (2) the reason for the delay, (3) the assertion of the right, and

4

(4) the prejudice to the accused. *Gonzales*, 435 S.W.3d at 808 (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)).

The Court of Criminal Appeals has held that an appellant must properly raise a complaint about a speedy-trial violation in the trial court to preserve the issue for appellate review. *See Henson v. State*, 407 S.W.3d 764, 768-69 (Tex. Crim. App. 2013); *see also Crocker v. State*, 441 S.W.3d 306, 311 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) ("Intermediate courts of appeal, including this one, likewise have held a speedy trial complaint waived—and declined to address the *Barker* factors—where the speedy trial issue was not timely preserved in the trial court.").

Our review of the record shows that, during the approximate five-year period from when he was indicted to when his case was brought to trial, appellant did not assert a speedy-trial claim. Indeed, the record reflects almost no activity in the case whatsoever during that time. The prosecutor and appellant's attorney indicated that the case simply "fell between the cracks." However, appellant was aware that he had been indicted and, despite this knowledge, he failed to assert his right to obtain a speedy trial. In the absence of any evidence that appellant brought this issue to the trial court's attention, we cannot say that he preserved his complaint. *See* TEX. R. APP. P. 33.1(a)(1). Therefore, appellant's third issue is overruled.

## Conclusion

Having overruled each of appellant's issues on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.