

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00162-CR
No. 07-22-00163-CR
No. 07-22-00164-CR
No. 07-22-00165-CR

DAVID LEWIS HOLLAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 80,908-E-CR, 80,921-E-CR, 80,977-E-CR, 81,045-E-CR
Honorable Douglas R. Woodburn, Presiding

May 1, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

David Lewis Holland, Appellant, appeals the trial court's denial of his motion to dismiss his indictments on the grounds that his right to a speedy trial was violated. We conclude that there was no violation of Appellant's Sixth Amendment right to a speedy trial and accordingly affirm the judgments of the trial court.

**BACKGROUND**

Appellant was arrested in May of 2021. He requested and received appointed counsel. On June 2, 2021, he was charged by indictment with arson of a habitation, unlawful possession of a firearm by a felon, and evading arrest with a motor vehicle. On July 2, 2021, he was charged by indictment with aggravated assault with a deadly weapon.[1] The charges were enhanced by a prior felony conviction for organized crime—aggravated robbery.

The first three charges were set for trial on September 27, 2021. On September 9, the State sought a continuance because the results of DNA testing of evidence had not yet been received from the crime laboratory. The trial court granted the continuance. In October, Appellant filed a pro se motion for speedy trial in the arson case. In November, he filed a pro se motion for speedy trial in all four cases. At the time he filed these motions, Appellant was represented by appointed counsel and there is no indication in the record that the trial court was aware of or acted on Appellant's pro se motions.

In January of 2022, Appellant's appointed counsel filed a motion to withdraw. At the hearing on the motion, Appellant argued, among other things, that no one had investigated his case and that his lawyer had not done things he asked him to do. In response to Appellant's statement that he had "asked for a motion for speedy trial," the trial court answered that the issue was resolved, as Appellant's case was set for trial in April. The trial court granted Appellant's request to represent himself and designated

---

[1] This charge, which was docketed separately initially, was consolidated with the other three charges on April 27, 2022.

2

Appellant's appointed counsel as a standby lawyer. After filing several motions, in February Appellant filed a request for a pretrial hearing on his motions to reduce bond, to suppress evidence, for discovery, and requesting funds for investigative expenses. Appellant requested that the pretrial hearing be set sufficiently in advance of trial "so as to enable [Appellant] to properly prepare for the trial." The pretrial hearing was set for March 21. Appellant then filed a request that the trial court appoint a video forensics expert and private investigator, alleging they were essential to a fair trial. Various other filings by Appellant followed, including a motion to dismiss filed in March on the grounds that his right to a speedy trial had been violated.

Appellant urged his motions at the May 3, 2022 hearing on pretrial motions. The trial court observed that Appellant's case was first on the docket for the May 23 trial setting and further noted for the record "how many other cases are still pending ahead of you because of COVID and all the other issues that we've had" as a result. The trial court overruled Appellant's motion.

Appellant pleaded not guilty to all charges and the cases proceeded to a jury trial on May 23, 2022.[2] On May 24, the jury found Appellant guilty on all four charges. He pleaded true to the enhancement allegations and the jury assessed punishment at ninety-nine years' confinement and a $10,000 fine on the arson charge; twenty years' confinement on the possession of a firearm charge; five years' confinement and a

---

[2] During the State's case-in-chief, Appellant withdrew from representing himself and his appointed counsel was reinstated.

3

$10,000 fine on the evading arrest charge; and eighty years' confinement on the aggravated assault with a deadly weapon charge.

## ANALYSIS

In this appeal, Appellant presents one issue in which he alleges a violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 1, Section 10, of the Texas Constitution. The Sixth Amendment guarantees a defendant in a criminal prosecution the right to a speedy trial. U.S. CONST. amend. VI; *State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021). The Texas Constitution also guarantees this right. TEX. CONST. art. 1, § 10. Speedy trial right claims under both constitutions are analyzed in the same manner. *See Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (en banc).

The purpose of the speedy trial requirement is to ensure a speedy trial, not to dismiss a meritorious case that should be prosecuted in the interest of justice. *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008). The right to a speedy trial is "amorphous," "slippery," and "necessarily relative." *Vermont v. Brillon*, 556 U.S. 81, 89, 129 S. Ct. 1283, 173 L. Ed. 2d 231 (2009) (citations omitted). The right protects an accused against oppressive pretrial incarceration, the anxiety and concern that accompany public accusation, and impairment to the accused's defense. *Cantu*, 253 S.W.3d at 280. It attaches once a person is either arrested or charged. *Id.*

In analyzing whether a defendant has been denied the right to a speedy trial, a reviewing court considers the factors described in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). *Hopper v. State*, 520 S.W.3d 915, 924 (Tex.

4

Crim. App. 2017). The *Barker* factors include (1) length of delay, (2) reasons for the delay, (3) defendant's assertion of his speedy trial right, and (4) prejudice, if any, suffered by the defendant due to the delay. *Barker*, 407 U.S. at 530. The State bears the burden of justifying the length of delay, while the defendant has the burden to prove that he asserted his right and that he has been prejudiced. *Cantu*, 253 S.W.3d at 280.

We apply a bifurcated standard of review in a speedy trial analysis, assessing factual determinations against an abuse of discretion standard and conducting a de novo review of legal determinations. *Lopez*, 631 S.W.3d at 113–14. We give almost total deference to the trial court's findings of historical facts provided those facts are supported by the record. *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014). The balancing of the *Barker* factors, however, is a purely legal question that we review de novo. *Balderas v. State*, 517 S.W.3d 756, 768 (Tex. Crim. App. 2016).

To trigger a speedy trial analysis, the defendant must make an initial showing that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Gonzales*, 435 S.W.3d at 808 (quoting *Doggett v. United States*, 505 U.S. 647, 651–52, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992)); *see also Barker*, 407 U.S. at 530 (length of delay is "triggering mechanism" for analysis of remaining *Barker* factors). However, there is no set or defined period of time that has been held to constitute a per se violation of a defendant's speedy trial right. *Barker*, 407 U.S. at 530–31; *Cantu*, 253 S.W.3d at 281. We consider alleged violations on a case-by-case basis, considering each case on its own merits. *Zamorano v. State*, 84 S.W.3d 643, 648–49 (Tex. Crim. App. 2002) (en banc).

5

The Court of Criminal Appeals has held that a delay of four months was not presumptively prejudicial, while a delay of seventeen months was, based on the facts of those particular cases. *Cantu*, 253 S.W.3d at 281. Courts generally deem delay approaching one year to be "unreasonable enough to trigger the *Barker* enquiry." *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). However, we have observed that "the delay that can be tolerated for an ordinary street crime is considerably shorter than for a serious, more complex charge." *Lovelace v. State*, 654 S.W.3d 42, 48 (Tex. App.—Amarillo 2022, no pet.). Here, Appellant was arrested on May 10, 2021, and went to trial on May 23, 2022, an interval of slightly more than one year. Although Appellant's four felony charges make the case both serious and complex, we deem the one-year delay sufficient to trigger an analysis of the remaining *Barker* factors. However, because the delay just exceeds the one-year mark, this first factor does not weigh heavily in favor of finding a violation of Appellant's speedy trial right.

The second factor to consider is the reason for the delay. We do not ascribe equal weight to all reasons for delay: "an intentional delay for tactical reasons is weighed heavily against the State; a neutral reason, such as overcrowded courts or negligence, is weighed less heavily against the State; and a valid reason is not weighed against the State at all." *State v. Conatser*, 645 S.W.3d 925, 929 (Tex. App.—Dallas 2022, no pet.). Here, the record discloses more than one factor that led to the delay. The first was the State's request for a continuance in September while the State awaited the results of forensic analysis from the Lubbock Crime Laboratory. Another was the trial court's crowded docket, referenced by the trial judge at the pretrial hearing in May. These neutral reasons weigh against the government, but not heavily. *See Conatser*, 645 S.W.3d at 929 (delay

6

due to backlog at crime lab weighs "only slightly" against State). There is no indication that the State deliberately delayed Appellant's trial for tactical reasons. Therefore, we conclude that this factor weighs only slightly against the State.

Regarding the third *Barker* factor, the defendant bears the responsibility of asserting his right to a speedy trial. *Cantu*, 253 S.W.3d at 282. An individual must assert a speedy-trial claim before the trial court in order to preserve the issue for appellate review. *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013). Here, Appellant filed pro se motions for a speedy trial in October and November of 2021.[3] At that time, he was represented by his appointed counsel. A defendant has no right to hybrid representation and the trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). It appears the trial court took no action on Appellant's pro se motions, as was within its authority. *See id.* Thus, we do not consider these motions in our analysis.

Appellant next made a request for a speedy trial at a hearing in January of 2022, when his appointed counsel was allowed to withdraw. At that point, the trial court advised Appellant that the speedy trial matter was resolved, as the case was set for trial in April. We note that Appellant subsequently moved the trial court for additional forensic and investigative services to prepare his defense. As late as April of 2022, motions filed by

---

[3] Appellant's first motion was dated October 8, 2021, and filed by the district clerk on October 19. In it, Appellant requested that the matter be dismissed if not set for trial on or before October 25, 2021. His second motion was dated November 15, 2021, and filed by the district clerk on November 24. There, Appellant requested that the matter be dismissed if not set for trial on or before November 25, 2021. We are mindful that "the actual trial need not occur on the accused's timetable." *Ex parte Sheffield*, 611 S.W.3d 630, 635 (Tex. App.—Amarillo 2020, pet. granted) (mem. op., not designated for publication).

Appellant referenced his need to "properly prepare for trial," indicating that he was not ready to proceed to trial. Appellant's desire for further investigation and apparent lack of readiness during these months suggests that he acquiesced to the delay at that point. *See Doggett*, 505 U.S. at 658 (any presumption of prejudice is extenuated by defendant's acquiescence to delay); *Zamarripa v. State*, 573 S.W.3d 514, 525 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (acquiescence in further delay weighs against finding of violation of right to speedy trial). We conclude that this factor weighs in favor of the State.

The final *Barker* factor considers the prejudice, if any, suffered by the defendant as a result of the delay. *Barker*, 407 U.S. at 532. We consider this factor in light of the interests a speedy trial is intended to protect against: (1) oppressive pretrial incarceration, (2) excessive anxiety over the pending charges, and (3) impairment of the accused's ability to present a defense. *Id.* The defendant bears the burden of making an initial showing that the delay was prejudicial. *State v. Munoz*, 991 S.W.2d 818, 826 (Tex. Crim. App. 1999) (en banc). When the defendant makes a prima facie showing of prejudice, the burden shifts to the State to show that the defendant suffered "no serious prejudice beyond that which ensued from the ordinary and inevitable delay." *Id.* (quoting *Ex parte McKenzie*, 491 S.W.2d 122, 123 (Tex. Crim. App. 1973)).

Appellant argues that the "length of the delay alone is sufficient to establish a presumption of prejudice . . . ." While we acknowledge that a stay in jail is oppressive and may produce anxiety and concern, Appellant directs us to no authority supporting his claim or suggesting that his pretrial incarceration was of a type different than that suffered by any other person awaiting trial in jail. *See Callender v. State*, No. 07-13-00069-CR, 2013 Tex. App. LEXIS 15057, at *3–5 (Tex. App.—Amarillo Dec. 12, 2013, no pet.) (mem.

8

op., not designated for publication) (pretrial incarceration for eleven months alone is not sufficient prejudice to support speedy trial claim).

Appellant further argues that he was prejudiced because "his alibi witnesses either had fading memories or died." Although Appellant does not expound upon this claim in his brief, we gather from the record that Appellant is referring to the death of his grandmother, who Appellant claimed was prepared to present evidence that Appellant was not at the scene of the crime. When a witness dies prior to trial, the loss does not factor into the assessment of prejudice unless the witness died during a period of delay attributable to the State. *See State v. Davis*, 549 S.W.3d 688, 708–09 (Tex. App.—Austin 2017, no pet.); *see also Deeb v. State*, 815 S.W.2d 692, 706 (Tex. Crim. App. 1991) (en banc); *McGregor v. State*, 394 S.W.3d 90, 116 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Here, Appellant stated that his grandmother died on August 2, a mere two months after Appellant was indicted. The State is entitled to a reasonable time to prepare for trial, and that time does not count against the State. *See, e.g., Shaw v. State*, 117 S.W.3d 883, 889–90 (Tex. Crim. App. 2003) (three months from indictment to first trial did not count against State); *see also De Los Santos v. State*, No. 05-08-01692-CR, 2010 Tex. App. LEXIS 3272, at *7–8 (Tex. App.—Dallas May 3, 2010, no pet.) (mem. op., not designated for publication) (six-month delay between indictment and trial was reasonable because State is entitled to reasonable period in which to prepare its case). Thus, we cannot fairly conclude that this witness's unavailability was attributable to a delay in bringing Appellant to trial. We conclude Appellant has not borne his burden of making an initial showing that the delay was prejudicial. Therefore, the final *Barker* factor does not weigh in his favor.

9

Considering all four of the prongs under *Barker*, we conclude that any delay in bringing Appellant to trial was not violative of his constitutional rights under either the federal or the state constitution.  We overrule Appellant's sole issue.

## CONCLUSION

Having overruled the single issue presented by Appellant, we affirm the trial court's judgments.

Judy C. Parker
Justice

Do not publish.

10