**Affirmed and Memorandum Opinion filed July 30, 2024**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00788-CR

**ROBERTO JOSE ZORNOSA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 13th District Court**
**Navarro County, Texas**
**Trial Court Cause No. D41898-CR**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Roberto Jose Zornosa, of the offense of indecency with a child by sexual contact. The jury then assessed punishment at 7 years' confinement. In a single issue on appeal, appellant complains that he was denied his right to a speedy trial. The State asserts that appellant waived this argument on appeal by not raising the claim before trial began, not presenting evidence of the claim to the trial court, or by not obtaining a ruling after presentation of evidence of the claim. *See Grimaldo v. State*, 130 S.W.3d 450, 454 (Tex. App.—Corpus Christi-

Edinburg 2004, no pet.). We therefore must address whether appellant preserved this issue for appeal. If preserved, we then analyze appellant's speedy trial claim using the fact-specific balancing test set forth in *Barker v. Wingo*, which weighs the conduct of the prosecution and the defendant based on four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) any prejudice inflicted by the delay. 407 U.S. 514, 530 (1972); *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013).[1]

### *Discussion*

To preserve error for appellate review, a defendant must make a timely request, objection, or motion in the trial court and secure a ruling. Tex. R. App. P. 33.1(a). In *Henson*, the Court of Criminal Appeals concluded that the error-preservation requirement applies to speedy-trial claims. 407 S.W.3d at 767–68. In its analysis, the *Henson* court explained that requiring the defendant to preserve error on a speedy-trial claim forces the defendant to pick a strategy. *Id.* at 769 (stating the defendant "can either fail to insist upon a speedy trial and possibly reap benefits caused by delay, or [the defendant] can insist on a prompt trial, and if it is not granted, argue for a dismissal. [The defendant] may not do both."). The *Henson* court also explained that requiring the defendant to preserve error on a speedy-trial claim forces the defendant to develop a record on the issue in the trial court. *Id.* "At least two of the *Barker* factors (the reason for the delay and the prejudice to the accused) are fact-specific inquiries and may not be readily apparent from the trial record." *Id.*

In this case, we are not persuaded that appellant preserved his speedy-trial complaint for review because appellant failed to develop a record sufficient for a

---

[1] This case was transferred to our court from the Tenth Court of Appeals. We therefore must decide the case in accordance with our sister court's precedent if our decision would be otherwise inconsistent with its precedent. *See* Tex. R. App. P. 41.3.

*Barker* analysis. *See id.* ("A requirement that the appellant assert his complaint at the trial level enables the court to hold a hearing and develop this record so that the appellate courts may more accurately assess the claim."). The record reflects that appellant filed a motion for speedy trial before the commencement of trial, urging the trial court to grant the motion and set the case for an immediate trial or alternatively schedule a hearing on the merits of the motion prior to trial. The record also reflects that appellant presented an oral motion during an announcement hearing requesting that the case be set first for trial. The trial court granted appellant's motion, and the case was ultimately set for trial approximately three months after the trial court granted appellant's motion. After the trial court granted appellant's motion, he did not re-assert his speedy trial complaint. Thus, this case presents an issue similar to that posed by an appellant who asserts a speedy trial claim for the first time on appeal. *See Grimaldo*, 130 S.W.3d at 453.

We are confronted with an appellate record that is deficient because the State had no opportunity to present evidence relevant to the *Barker* factors. *See id.*; *see also Henson*, 407 S.W.3d at 769 (stating that a requirement of preservation allows the trial court to develop the record). Because there is no meaningful evidentiary record from which we can apply, analyze, or balance the *Barker* factors, appellant failed to preserve his speedy-trial complaint for review. *See Grimaldo*, 130 S.W.3d at 454 ("[I]t is the accused's burden to develop a record that a speedy trial violation occurred."); *see also Henson*, 407 S.W.3d at 769 (providing that preservation requirements apply to speedy trial claims).

Even if appellant had preserved error, his claim would be without merit because the length of delay was not presumptively prejudicial so as to require an inquiry into the remaining *Barker* factors. *See Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). "The length of delay between an initial charge and trial

(or the defendant's demand for a speedy trial) acts as a 'triggering mechanism.'" *Id.*; *see also State v. Manley*, 220 S.W.3d 116, 122 (Tex. App.—Waco 2007, no pet.) (providing that the delay is measured from the date of arrest or the presentment of the indictment, whichever occurs first). Generally, a delay of eight months or longer is sufficient to deem the delay unreasonable to trigger a full inquiry of the remaining factors. *See Knox v. State*, 934 S.W.2d 678, 681 (Tex. Crim. App. 1996).

The length of delay in this case runs from when appellant was arrested on August 8, 2022, to when he first demanded a speedy trial 277 days later on May 12, 2023. *See Zamorano*, 84 S.W.3d at 648; *Manley*, 220 S.W.3d at 122. Based on our review of the record, approximately 91 days is excludable from that calculation as delay attributable to appellant's request for a competency evaluation. Appellant filed a motion for competency evaluation on November 22, 2022, which the trial court granted. The trial court did not sign an order restoring competency until February 21, 2023. *See State v. Lopez*, 613 S.W.3d 107, 112 (Tex. Crim. App. 2021) (stating that delays related to competency evaluations do not count against the State for speedy-trial purposes); *see also Hull v. State*, 699 S.W.2d 220, 221–22 (Tex. Crim. App. 1985). The remaining 186 days attributable to the State is not presumptively prejudicial. When the delay is not presumptively prejudicial, we need not inquire into the remaining *Barker* factors. *See Zamorano*, 84 S.W.3d at 648.

Accordingly, we overrule appellant's only issue.

### *Conclusion*

We affirm the judgment of the trial court.

/s/     Frances Bourliot
        Justice


Panel consists of Justices Wise, Bourliot, and Wilson.

Do Not Publish — TEX. R. APP. P. 47.2(b).